STATE vs. JOHN A. PARM AND JOHN VINEY.

*Criminal Law—Abortion—The Words " Counsel any Person"— What Person meant—Statute.*

The words " counsel any person so intending to procure a miscarriage," in the *Abortion Act, Rev. Code page 930*, do not mean, or embrace, the pregnant woman.

(*February 9, 1905.*)

LORE, C. J., and PENNEWILL and BOYCE, J. J., sitting.

*Robert H. Richards*, Attorney-General, for the State.

*Levin Irving Handy* for the defendants.

Court of General Sessions, New Castle County, February Term, 1905.

INDICTMENT FOR ABORTION.

The indictment consisted of four counts, the third of which was as follows: "And the jurors aforesaid, on their oath and affirmation, respectively, aforesaid, do further present that John A. Parm, late of Wilmington Hundred, in the County aforesaid, and John Viney, late of Brandywine Hundred, in the County aforesaid, on the twenty-fifth day of September, in the year of our Lord one thousand nine hundred and four, with force and arms, at Wilmington Hundred aforesaid, in the county aforesaid, unlawfully, feloniously, and with the intent to procure the miscarriage of one Kate M. Waters, she, the said Kate M. Waters, then and there being a pregnant woman, then and there supposed by the said John A. Parm and the said John Viney to be pregnant, did counsel her, the said Kate M. Waters, so intending to procure a miscarriage of her, the said Kate M. Waters (the same not being necessary to preserve the life of her, the said Kate M. Waters), against the form of an act of the General Assembly in such case made and provided, and against the peace and dignity of the State."

*Mr. Handy :*—I move to strike out the above count on the ground that it does not state the offense under the statute the indictment is drawn under.—*Chapter 226, p. 523, Volume 17, Laws of Delaware (Rev. Code 1852, amended in 1893, p. 930).* The section of the statute which applies is section 2. The third count of the indictment charges the defendant with counseling Kate M. Waters, alleged to be the pregnant woman. This is manifestly under the second clause of the second section of the statute which makes it a crime for anyone to " aid, assist, or counsel any person so intending to procure a miscarriage," etc. This does not include counseling the pregnant woman herself, but only counseling the person intending to procure a miscarriage of a pregnant woman.

(The Attorney-General replied, stating that under the whole

of section 2 he saw nothing to prevent a pregnant woman from using an instrument herself, and committing the offense under the statute, and that the indictment was therefore sufficient.)

LORE, C. J.:—The Court have thoroughly looked into the matter of the motion made this morning to quash the third count of the indictment against John Parm and John Viney, and we think the word "person" means other than the woman to be operated upon for the purprse of producing an abortion; that the person advising or counseling, or whatever it may be, the woman herself, is provided for in the earlier part of section 2; that the word "counsel" does not apply to persons giving her advice; and that therefore this count is bad, and ought to be, and is quashed and stricken out.

*Nolle prosequi* entered.