## CLARK GREENWOOD v. STATE.

No. 284. Opinion Filed December 7, 1909.

(105 Pac. 371.)

1. **ABORTION—"Use" of Instrument—What Constitutes.** An indictment, alleging. "That on the————day of May, in the year of our Lord, one thousand nine hundred and six, at and within said county, and within the jurisdiction of said court, Clark Greenwood, then and there being, did then and there unlawfully. willfully. and feloniously advise and procure Ethel Carpenter, a pregnant woman, to use certain instruments, with the unlawful and felonious intent of him, the said Clark Greenwood. to procure the miscarriage of the said Ethel Carpenter, the same not being necessary to preserve the life of the said Ethel Carpenter," held sufficient to charge an offense under section 2370, Snyder's Comp. Laws, 1909 (section 2268, Wilson's Rev. & Ann. St. 1903), prohibiting the "use" of instruments.

2. **PARTIES TO OFFENSES—"Principals"—Who Are.** All persons concerned in the commission of a crime. whether they directly commit the act constituting the offense, or aid and abet in its commission, though not present, are "principals." Section 2045, Snyder's Comp..Laws, 1909 (section 1948, Wilson's Rev. & Ann. St. 1903).

3. **INDICTMENT AND INFORMATION—Statement of Facts.** An indictment should recite the material facts an circumstances constituting the offense, rather than charge that defendant has committed a certain specified crime.

(Syllabus by the Court.)

*Error from District Court, Comanche County; J. T. Johnson, Judge.*

Clark Greenwood was convicted of procuring an abortion, and he brings error. Affirmed.

At the January term of the district court of Comanche county the plaintiff in error was indicted, charged with the crime of procuring an abortion. The charging part of the indictment, as appears in the case-made, is as follows:

"That on the————day of May, in the year of our Lord, one thousand nine hundred and six, at and within said county, and within the jurisdiction of said court, Clark Greenwood, then and

there being, did then and there unlawfully, willfully, and felon-
iously advise and procure Ethel Carpenter, a pregnant woman, to
use certain instruments with the unlawful and felonious intent of
him, the said Clark Greenwood, to procure the miscarriage of the
said Ethel Carpenter; the same not being necessary to preserve the
life of the said Ethel Carpenter." The case was tried to a jury,
defendant convicted and sentenced to imprisonment for a term of
two years. A motion for new trial was filed and overruled, and
exceptions saved. The case is before us on case-made.

*Al J. Jennings,* for plaintiff in error.

*Chas. West,* Atty. Gen., and *Chas. L. Moore,* Asst. Atty. Gen.,
for the State.

OWEN, JUDGE (after stating the facts as above). Counsel
for defendant, in the brief filed in this case, urge two assignments
of error for reversing the case. The reasons urged are: "First.
There is no public offense charged in said indictment, for the fol-
lowing reasons, viz.: The advising or procuring a pregnant
woman to use instruments is not contemplated by the act itself,
and because the pleader failed to set out the name of the instru-
ment employed, and also failed to tell upon what portion of com-
plainant's body the instrument or instruments were used, and in
what manner. Second, there was no corroboration of Ethel Car-
penter, an accomplice."

. The statute under which this prosecution was had (section
2370, Snyder's Comp. Laws, 1909; section 2268, Wilson's Rev. &
Ann. St. 1903), is as follows:

"Every person who administers to any pregnant woman, or
who prescribes for any such woman, or advises or procures any
such woman to take any medicine, drug or substance, or uses or
employs an instrument, or other means whatever, with intent
thereby to procure the miscarriage of such woman, unless the same
is necessary to preserve her life, is punishable by imprisonment in
the state prison not exceeding three years, or in a county jail not
exceeding one year. '

Does the indictment charge the defendant with a violation of
this statute? This section prescribes a punishment for every per-

son who "uses" any instrument with intent to procure the miscarriage. The indictment alleges that the defendant "did then and there unlawfully, wilfully, and feloniously 'advise' and 'procure' Ethel Carpenter, a pregnant woman, to. use certain instruments, with the unlawful and felonious intent of him, the said Clark Greenwood, to procure the miscarriage of the said Ethel Carpenter."

To be guilty under this statute one must "use" the instrument. Does the "procuring" and "advising" the use of instruments constitute a "use" in violation of this section? Section 2045, Snyder's Comp. Laws, 1909 (Wilson's Rev. & Ann. St. 1903, § 1948), is as follows:

"All persons concerned in the commission of crime, whether it be felony or misdemeanor, and whether they directly commit the act constituting the offense, or aid and abet in its commission, though not present, are principals."

Under this statute all of the persons concerned in the use of the instruments, with the intent to procure the miscarriage, would be guilty of using the instruments, and could be prosecuted as principals. It is not necessary that the indictment should use the exact language of the statute. On the contrary, it is better pleading to describe more particularly the acts of the defendant which constitute the crime. It is a general rule that it is not sufficient to charge in the indictment that the defendant has committed a certain specified crime, but that it must be stated how he committed the crime, by reciting the material facts and circumstances constituting the offense. This rule is announced by Joyce on Indictments, § 241, citing a number of authorities.

This court, in the case of *Weston v. Territory,* 1 Okla. Cr. 407, 98 Pac. 360, said:

"In an indictment for committing an offense against a statute the offense may be described in the general language of the act, but the description must be accompanied by a statement of all the particulars essential to constitute the offense or crime, and to acquaint the accused with what he must meet on the trial."

And, in the case of *Vickers v. United States,* 1 Okla. Cr. 452, 98 Pac. 467, this court said:

"In framing an indictment the general rule is 'that the offense shall be so described that the defendant may know how to answer it, the court what judgment to pronounce, and that a conviction or acquittal on it may be pleaded in bar of another indictment for the same offense.' "

The Supreme Court of California announced the same rule in the case of *People v. Aro,* 6 Cal. 208, 65 Am. Dec. 503. The defendant there was charged with murder, and the court said:

"Murder is a conclusion drawn by the law from certain facts, and in order to determine whether it has been committed, it is necessary that the facts should be stated with convenient certainty 'For this purpose the charge must contain a certain description of the crime of which the defendant is accused, and a statement of the facts by which it is constituted, so as to identify the accusation, lest the grand jury should find a bill for one offense, and the defendant be put on his trial in chief for another.' This is necessary, so that the prisoner may know of what crime he is accused, and have time to prepare his defense on the facts. It is also necessary that the jury may be warranted in their finding, the court in its judgment, and the prisoner be protected against any subsequent prosecution for the same offense. 1 Chitty, Criminal Law, 170; *Willis v. People,* 1 Scam. (Ill.) 401."

The same court, in the case of *People v. Hood,* 6 Cal. 236, said:

" An indictment should set forth the facts and circumstances of the alleged offense so that the accused may be prepared for his defense."

The crime alleged to have been committed by the defendant in the case at bar was the use of the instruments with the intent to procure a miscarriage. The defendant advised and procured their use, and thereby became a principal in the crime; and, under the rule announced in the authorities just quoted, it was proper for the indictment to set out the facts and circumstances constituting the offense. The facts constituting the offense, so far as this defendant was concerned, were the advising and procuring, and, under the allegations here, the defendant was given notice that he was charged with having advised and procured, the use of the instruments with the intent to procure a miscarriage. If the indictment had alleged in the exact language of the statute that

the defendant did use the instruments, certainly the state would have been permitted, under section 2045, Snyder's Comp. Laws 1909, above quoted, to prove that the use consisted of his advising and procuring. There can be no fault in the indictment in alleging, in specific terms, the particular acts of the defendant complained of constituting the offense. It is to the advantage of the defendant. By this allegation he is informed that he violated that section, not by using the instruments himself, but by advising and procuring their use.

As to the failure of the indictment to allege the name of the instrument employed, and upon what portions of the body the instruments were used, we think the objections not well taken. Counsel, for authority upon the proposition, cites the case of *Cochran v. People,* 175 Ill. 28, 51 N. E. 845. The indictment in that case was returned under a statute very different from ours. The statute in Illinois makes the person procuring or causing an abortion or miscarriage guilty of murder if death ensues, and the indictment in that case alleges that the miscarriage was performed, and by reason of such miscarriage the woman on whom the operation was performed then and there died. The indictment in the case at bar is under a different statute. Under the statute here the use of the instrument with the intent to procure the miscarriage completes the offense, whether the miscarriage is produced or not.

There is another reason why the Illinois case is not binding on this court. Section 6705, Snyder's Comp. Laws, 1909 (section 5366, Wilson's Rev. & Ann. St. 1903), is as follows:

"No indictment is insufficient, nor can the trial, judgment, or other proceedings thereon be affected, by reason of a defect or imperfection in the matter of form which does not tend to the prejudice of the substantial rights of the defendant upon the merits."

The defendant in this case is charged with advising and procuring the use of the instruments; and, unless that allegation tends to the prejudice of the substantial rights of the defendant upon the merits, we are prohibited by this statute from holding the indictment insufficient. In our opinion the language of the in-

dictment does not tend to the prejudice of the substantial rights of
the defendant. The proof in the case is to the effect that Ethel
Carpenter was a pregnant woman; that the defendant was the
cause of her condition; that the defendant procured Dr. Brewer, in
the town of Lawton, to use certain instruments on Ethel Carpen-
ter to procure a miscarriage, and that Ethel Carpenter consented
to the use of the instruments; that the operation was performed by
Dr. Brewer; and that the defendant provided her with $50 with
which to pay the doctor for his services. These facts make the de-
fendant guilty of "using" the instruments under the provisions of
section 2045, Snyder's Comp. Laws 1909, above quoted, and the
allegation of the indictment that he did "advise and procure" could
not in any way mislead the defendant, or in any way prejudice his
substantial rights. The proof further discloses he was not present
when the instruments were used. If they were in fact used, as the
result of his advising and procuring, the character of the instru-
ments is immaterial, and since he was not present, to allege a de-
scription of them, or the portion of her body on which they were
used, would avail him nothing. He was not called upon to defend
against using any particular instrument, or in any particular place
—he was called upon to defend against the advising and procuring.
The objects in requiring particularity in setting out the facts con-
stituting the offense are: First, in order to identify the charge,
lest the grand jury find a bill for one offense, and the defendant
be put upon his trial in chief for another; second, that the defend-
ant's conviction or acquittal may inure to his subsequent protec-
tion, should he again be questioned on the same facts; third, to
enable the accused to determine on the line of his defense, and
prepare for it both as to the law and the facts; fourth, to put it
in the power of the court to look through the record and decide
whether the facts charged are sufficient to support a conviction for
a particular crime, and also to regulate the appropriate punish-
ment for the particular offense. This rule is announced by Joyce
on indictments, § 242, and was observed in the case of *Wingard v.
State*, 13 Ga. 396. We think the indictment sufficient, and there.
was no error in the action of the trial court in so holding.

The second error complained of is there was no corroboration of Ethel Carpenter. Counsel for the defendant insists that Ethel Carpenter was an accomplice with the defendant, and that the prosecuting witness, Mrs. Kate Rose, a sister of Ethel Carpenter, and who was present when the operation was performed, is also an accomplice, and, under the rule that a conviction cannot be had on the uncorroborated testimony of an accomplice, the verdict in this case should be set aside. We are not unmindful of the rule that the defendant in a felony case cannot be convicted on the uncorroborated testimony of an accomplice. In this case it is not necessary to determine whether Ethel Carpenter is an accomplice. It is clear from the evidence as it appears in the case-made that Mrs. Kate Rose was not an accomplice, and her testimony was amply sufficient to corroborate Ethel Carpenter, or, taken alone, would amply warrant the jury in finding the defendant guilty. If she had advised, aided and abetted in the operation she would have been an accomplice. From the mere fact that she was present when the operation was performed, unless she consented, and was there for the purpose of aiding in the operation, and encouraged the same, she would not be an accomplice. Her testimony is to the effect that the defendant arranged with Dr. Brewer to come to her residence and perform the operation, and that, when she learned of that, she telephoned Dr. Brewer that he could not perform the operation at her residence, and that she advised her sister against the operation, warning her of the dangers attached, and urged the defendant to marry her sister, and that, on her sister's earnest request, she accompanied her to the doctor's office, but never at any time consented to it. In our opinion she is not to be adjudged an accomplice solely because, through her sisterly affection, she went with her sister to the doctor's office, when the proof is she did not give her consent to it, but did all in her power to prevent the operation. The trial court instructed the jury that a conviction could not be had on the testimony of an accomplice, uncorroborated by other evidence, and the instruction clearly defines the term "accomplice," and told the jury, if they had a reasonable doubt as to whether Mrs. Rose was an accomplice, they

would resolve the doubt in favor of the defendant and acquit him. There were no exceptions taken to the instruction of the court. This question was properly submitted to the jury.

The judgment of the lower court is affirmed.

FURMAN, PRESIDING JUDGE, and DOYLE, JUDGE, concur.