Ida M. Scott, Appellant, v. State of Delaware, Appellee.

*(May* 9, 1955.)

SOUTHERLAND, C. J., and WOLCOTT and BRAMHALL, J. J., sitting.

*Henry A. Wise, Jr.,* for appellant.

*Herbert L. Cobin,* Chief Deputy Attorney-General, for the State.

Supreme Court of the State of Delaware, No. 30, 1954.

BRAMHALL, J.:

Appellant, Ida M. Scott, was indicted and tried as an accomplice in abortion. The indictment, which is based upon Title 11, Sec. 102(c) of the *Del. C. of* 1953, is in two counts. Appellant is charged, first, with procuring a certain Alice Quigley to perform an abortion on a named pregnant woman;

and, secondly, with counseling the said Alice Quigley to perform the act of abortion upon the same woman. The case was tried before the court below without a jury. That court found the following facts:

"Shortly prior to December 17, 1952, a Mrs. Compton, who was pregnant, consulted defendant about an abortion. Mrs. Scott refused herself to aid her in any fashion, but stated she thought she could find a person who would perform such an operation for her. Pursuant to arrangement by telephone, Mrs. Compton drove to defendant's apartment on December 17, picked her up and, under defendant's direction, drove to the apartment of Alice Quigley, where defendant introduced Mrs. Compton and Mrs. Quigley. Defendant then went into another room while Alice Quigley performed an act or acts intended to procure an abortion. Thereafter, Mrs. Compton paid Mrs. Quigley $150 and drove defendant to her home."

The court below found that based upon these findings of fact defendant's guilt under the first count of the indictment was established beyond a reasonable doubt. The court stated that in view of its finding appellant guilty on the first count, it was unnecessary to analyze the evidence presented in the light of the charge of counseling as charged in the second count.

There was ample evidence upon which to base the findings of the court below.

At the trial and in her subsequent motion appellant contended: (1) that the indictment did not charge an offense under the laws of this State; (2) that the evidence did not warrant a conviction under either count of the indictment; and, (3) that appellant was not given her constitutional rights entitling her to immediate discharge because of the failure on the part of the State to accord to her a speedy trial within the meaning of Amendment Art. 6 of the federal constitution and Art. 1, Sec. 7 of the Constitution of the State of Delaware, *Del. C. Ann.* The latter question was not raised in the appeal and will not be considered.

Two questions were presented: (1) Does the indictment charge an offense against the laws of this State? (2) Was the evidence sufficient to warrant the court below in finding appellant guilty of procuring a third person to perform an abortion? Since the latter question is dispositive of the case, we need not consider the sufficiency of the indictment.

Was sufficient evidence presented to warrant the court below in finding appellant guilty under the first count of the indictment charging appellant with procuring an abortion?

Appellant contends that she should not have been convicted upon Count No. 1 of the indictment charging her with procuring one Alice Quigley to perform an abortion upon the third party. She asserts that the record is completely bare of any evidence showing that she procured Alice Quigley to commit an abortion. Appellant also says that such statement is not included in the findings of fact of the court below,—findings which that court determined to have demonstrated appellant's guilt beyond a reasonable doubt.

The State contends that there was ample evidence to warrant conviction of appellant upon this count of the indictment. It alleges that testimony was presented to prove the following facts: Appellant secured the name and address of the person who later performed the abortion; she talked with that person on the telephone and made arrangements for the meeting between the woman involved and Mrs. Quigley; she went with the woman to Mrs. Quigley's apartment; she talked with Mrs. Quigley privately prior to the alleged commission of the abortion; she had known Mrs. Quigley for some period of time; she remained at the apartment of Mrs. Quigley, though not in the room, at the time the abortion was committed.

With the exception of the alleged testimony relative to the calling of Mrs. Quigley on the telephone by appellant and the statement that appellant and Mrs. Quigley talked privately when appellant and the woman went into Mrs. Quigley's apartment, the evidence relates entirely to the relationship between

appellant and the woman involved and not to the relationship between appellant and Mrs. Quigley. The mere fact that appellant went with the woman to Mrs. Quigley's apartment, even with knowledge that the woman intended to have an abortion performed, does not render her the accomplice of one who performed the abortion. *People v. Balkwell,* 143 *Cal.* 259, 76 *P.* 1017; *People v. McGonegal,* 136 *N. Y.* 62, 32 *N. E.* 616; *Greenwood v. State,* 3 *Okl. Cr.* 247, 105 *P.* 371; *State v. Rowley,* 216 *Iowa* 140, 248 *N. W.* 340. Neither is the furnishing of the name of the person who later committed the abortion sufficient to convict one of aiding, abetting or procuring an abortion. *People v. Northcott,* 45 *Cal. App.* 706, 189 *P.* 704.

■ While it is true that one may be convicted of abortion even though it is not shown that he handled the instrument which was used or that he was present at the time of the commission of the abortion, it must affirmatively appear that he counseled, induced or procured the crime to be committed. *People v. Bliven,* 112 *N. Y.* 79, 19 *N. E.* 638; *Seifert v. State,* 160 *Ind.* 464, 67 *N. E.* 100; *Hammett v. State,* 84 *Tex. Cr.* 635, 209 *S. W.* 661, 4 *A. L. R.* 347; *State v. Weiss,* 130 *N. J. L.* 149, 31 *A.* 2d 848, affirmed 131 *N. J. L.* 228, 35 *A.* 2d 895; *People v. Buffum,* 107 *Cal. App.* 845, 238 *P.* 2d 47.

■ Appellant is charged with procuring Mrs. Quigley to commit an abortion. The evidence must sustain the indictment. It is not sufficient,—assuming that it was so charged in the indictment,—to sustain a conviction based upon evidence that appellant counseled with the woman involved or procured her to have the abortion committed. See *State v. Parm & Viney,* 5 *Penn.* 556, 60 *A.* 977. The allegation of the State that appellant and Mrs. Quigley "talked" prior to the commission of the abortion, if it is of any importance, is not substantiated by the findings of the court below. The trial judge in his findings of fact did not find that appellant and Mrs. Quigley went into a room and talked privately prior to the commission of the abortion. At the most the testimony showed only that appellant and Mrs. Quigley

went into a room together with no other people present. Even this is disputed. Under the state of the evidence, we think that the trial judge was justified in failing to make such a finding.

As to the question of appellant calling Mrs. Quigley on the telephone and inducing her to perform an abortion, the difficulty which we have with this statement is that the record is completely devoid of any such testimony. We are unable to find anywhere in the record any evidence upon which such a finding could have been based.

There is some testimony,—of a somewhat doubtful nature,— by one of the police officers, to the effect that the officer talked with appellant and that appellant admitted that "she had arranged it", meaning the abortion. Whatever effect such testimony might have had is completely destroyed by the subsequent testimony of the same witness upon cross-examination that the arrangement to which he referred was between the woman and appellant and not between appellant and Mrs. Quigley.

For the reasons stated, we are of the opinion that there was not sufficient evidence to warrant the court below in finding the defendant guilty as charged in the indictment and that the court below in denying appellant's motion to dismiss was guilty of error.