**William T. SAMLUK, Jr.**

**v.**

**Laura Mae GORECKI, as next friend for Eileen K. (Gorecki) Samluk.**

Superior Court of Delaware,
New Castle.

April 3, 1970.

Joseph M. Kwiatkowski, Wilmington, for plaintiff.

Stephen B. Potter, Wilmington, for defendant.

## OPINION

O'HORA, Judge.

Petitioner herein seeks an annulment of the marriage contracted between the parties on July 15, 1967 in Cecil County, State of Maryland. The essential facts upon which the petition is based are not contested in any material way.

At the time of the marriage the wife was 17 years of age having been born on July 9, 1950. The husband, petitioner herein, was 21 years of age at the time of the marriage. Both parties to the marriage had been for some years domiciled in the State of Delaware. Both parties were aware of the fact that under both Delaware and Maryland law in order to obtain a valid license to marry it was necessary, in view of the age of the wife, to obtain the written consent of her parent or parents. Notwithstanding this knowledge both parties participated in the obtaining of what purported to be the consent of the wife's mother but which, in fact, was a forged statement given by a friend of the petitioner's, duly executed and notarized before a Notary Public of the State of Delaware. The marriage itself was consummated in the State of Maryland but the parties shortly thereafter returned to the State of Delaware where they resided together as man and wife for some months prior to separation.

Under Delaware law the circumstances herein described require that the determination of whether or not a decree of annulment may be entered must be decided under Delaware law. Du Pont v. Du Pont, Del.Supr., 8 Terry 231, 90 A.2d 468 (1952).

The pertinent Delaware statute (13 Del. C. § 123(b) and provisions thereof relating to the right of a female under 18 years of age to obtain a license to marry reads as follows:

> " * * * or if any female applicant for a license to marry is under the age of 18 years, the license shall not be issued unless the applicant's parents or a parent, legal guardians or guardian, or curator shall first certify under their hands and seals their consent to the marriage of the minor. * * * "

Petitioner's main contention is that for reasons of public policy this marriage should be declared void from its inception. Recognizing that courts are reluctant to disturb a marriage contract solemnized in a religious ceremony, petitioner herein, nevertheless, argues that this marriage was built upon a lie and that the parties participated and connived in the forgery of a public document in order to effect the marriage ceremony. Petitioner urges that for

this Court to uphold such a marriage would be to sanction conduct in direct derogation of Delaware laws and would, in effect, be sanctioning criminal conduct in the contracting of one of society's most solemn institutions.

The basis upon which petitioner seeks this annulment is that the wife at the time of the marriage did not have the capacity to enter into a binding contract and, further, that the solemnization of the marriage was induced by fraud. Under Delaware law a marriage may not be annulled unless it is based upon one of the enumerated grounds for annulment specified in the annulment statute. Wilmington Trust Co. v. Hahn, Del.Supr., 241 A.2d 517 (1968). The pertinent statute does not provide for an annulment based upon the incapacity of a minor to enter into a binding contract. It provides only, as related to the facts in this case, to the possibility of an annulment based upon fraud. 13 Del.C. § 1551(4) provides that a marriage may be annulled where at the time of the marriage there existed "fraud, force or coercion, at the suit of the innocent and injured party, unless the marriage has been confirmed by the acts of the injured party".

The Delaware decisions relating to that section of the Delaware law pertaining to annulments clearly establishes that the fraud involved must deceive the petitioner and induce the marriage. · Williams v. Williams, 2 W.W.Harr. 39, 118 A. 638; Anonymous v. Anonymous, Del.Super., 7 Terry 458, 85 A.2d 706 (1951). Under the facts surrounding this marriage the Court cannot conclude that petitioner was either "innocent" or "injured". At the time of the marriage he was an adult of 21 years of age, with full knowledge of the age impediment involved and who actively participated in an effort to avoid its requirements.

Petitioner here contends further that regardless of his active participation in the fraudulent obtaining of the marriage license, nevertheless, the Delaware statute (13 Del.C. § 123(b)) is mandatory in its requirements for a proper consent by a non-age party to the marriage and that such language leads inevitably to a void marriage rather than a voidable one, regardless of the circumstances. However, the Delaware statutes again give assistance on the question of void or voidable marriages. 13 Del. C. § 101, providing for the voiding of marriages, does not include therein the type of fraud with which we are here involved. It is interesting to note with regard to this statute that even under circumstances which would seem to meet the language of that statute, the Court will not always declare the marriage void where the circumstances would indicate that the complaining party, with knowledge, waived any technical requirements to the validity of the marriage. Saunders v. Saunders, 10 Terry 251, 120 A.2d 160 (Super.1956).

It is the conclusion of the Court, therefore, that the petitioner herein was not an innocent or injured party to the marriage contracted with the aid of a fraudulent document and that the Delaware law does not require the finding of such marriage to be void nevertheless. Inasmuch as the public policy of Delaware requires that a consummated marriage shall not be lightly dissolved or set aside, the Court herein concludes that petitioner has not met the burden of proof requiring that this policy be disregarded.

For the reasons herein stated, it is the conclusion of the Court that the petitioner's petition for annulment be denied.

It is so ordered.