NICHOLLS, J.
The defendant was indicted by the grand jury for the parish of Washington, on November 13, 1905, and on the 14th of the month he was arraigned and pleaded not guilty. His ease was then assigned for trial on the first day of the next June term of the court.
The indictment charged that the defendant did on the 16th of July “willfully, feloniously, and of his malice aforethought, with a. dangerous weapon, to wit, a pistol, make an. assault by willfully shooting at Isaac Miley with the intent the said Isaac Miley to kill- and murder.”
On the first day of the June term of court defendant filed a motion to quash the indictment, on the ground that it charged no crime-known to the law of the state of Louisiana;, *988 that the indictment did not charge that defendant made an assault upon any human being. The motion to quash was overruled by the court though the record does not show upon what ground, and no bill of exception was taken.
The district attorney, in his brief states that on the hearing of the motion he called the attention of the court to the fact that the defendant’s plea of not guilty to the indictment has never been withdrawn and there was no motion before the court.
On the trial, the defendant seeking to impeach the testimony which had been given by one Dido Stafford against him, placed D. E. Branch as a witness on the stand for that purpose and asked him the following question:
“Do you know the general reputation of Dido Stafford in the community wherein he resides for truth and veracity?”
To this question counsel for the state objected and the court sustained the objection. The district judge states in the per curiam to the bill of exceptions that he sustained the objection for the reason that it was not shown that the witness Branch lived in the same locality or was acquainted with the state witness and that there had been no foundation laid for the testimony.
The district attorney in his brief declares that the defendant had attempted to attack the credibility of only one of the state’s witnesses when all of them were eyewitnesses and testified identically as did Stafford to the same facts as he did, “and even if there were error in the judge’s ruling no injustice would be done the defendant, and the ruling was brought about by his laches.”
Defendant neither at the time of the offering of the impeaching testimony, nor in the bill of exceptions taken by him, nor through an application for a new trial asserts or attempts to show that Stafford was unworthy of belief or that Branch claimed to know or did know anything of his general reputation for truth and veracity.
We are asked to set aside the verdict and to reverse the judgment in this case on the hypothesis that Branch may have been in a position to have known legally what general reputation Stafford may have had in the community in which he lived, and that he would in answer to the question asked have declared that that reputation was such as would cause his testimony to be entitled to no credit. We would not be justified in setting aside verdicts and reversing judgments upon bare possibilities. The objections taken by the district attorney and the reasons assigned by the district judge for his ruling might certainly have been presented to us in a more satisfactory shape than they have been, but defendant has failed to show us that he has legal grounds for reversal, for the matter set up in his bill of exceptions.
We are satisfied that when the witness Branch was placed upon the stand to give testimony as to Stafford’s general reputation for truth and veracity that the district attorney must have insisted that he should not be permitted to give such testimony until it had been first shown by defendant that he was so situated as to be entitled to testify on that subject, and that defendant declined to make such preliminary showing.
In the brief for the state it is said, referring to that matter, that to postpone objection to the giving of such testimony until cross-examination of the witness, after testimony possibly injurious to the prosecution would have gone to the jury would involve the necessity of having the testimony so given stricken out and the jury instructed to disregard it—a proceeding prejudicial, dangerous, and to be avoided if possible. We think there is force in that suggestion, that it is a reasonable and conservative demand by the state that a preliminary showing should be made by the defense before his witness *990 •should testify. It was an easy matter for ■defendant in this case to have complied with it, and the failure to elicit the testimony of ■the witness was to some extent attributable to himself.
In Martin v. State, 40 South. 275, the Supreme Court of Alabama held that the sustaining of an objection to a question to a witness will not be reviewed on appeal unless the answer expected was made known to the trial court and is shown by the record. ■Our own decisions are to the same effect. To justify a reversal of the judgment appellant must show injury as well as error.
The motion to quash the indictment was filed in this case after a plea of not guilty. While that fact may not be an absolute bar to the filing of such a motion it brings the ■propriety of its filing under the discretionary power of the court.
When such a motion is sought to be filed after pleading to the indictment it cannot be required to be granted as a matter of right unless upon clear and plain grounds; the party being under such circumstances ■driven to some other remedy. The motion should not be allowed to prevail in a doubtful case where the alleged insufficiency of the indictment was not such as being shown would not authorize a judgment upon a verdict upon it adverse to the accused.
We do not think the objection urged in this case to the indictment was of that character.
We understand appellant to claim that the indictment should have made the express specific averment that the defendant had ■“made an assault upon Isaac Miley” instead ■of “willfully shooting at Isaac Miley.”
We think the averment of the indictment •sufficient to have justified the verdict under proper and sufficient evidence, and to have authorized the judgment upon the indictment. If the accused willfully and feloniously shot at Isaac Miley, with the intent to kill and murder him, he certainly committed an assault upon that person.
We see no legal ground for reversal in this case. The judgment appealed from is affirmed.