State *vs.* George A. Polk.

*Criminal Law—Indictment—Intoxicating Liquor—Selling Unlawfully—What constitutes a Sale—Pleading—Conflicting Evidence.*

1. In the trial of a person indicted for selling intoxicating liquor unlawfully the burden is on the defendant to show that he was licensed, and therefore not selling illegally. The indictment will not be quashed because it fails to aver the sale without a license.

2. A sale is the delivery of an article to another for a consideration either money or other valuable thing. If the jury believe that the prosecuting witness got the whiskey in question and laid down the money on the table in the defendant's presence and house as payment for it, then the verdict should be guilty, whether the defendant accepted the money then or afterwards, unless he had a license to sell.

3. The rule governing conflicting evidence stated.

(*October* 11, 1907.)

LORE, C. J., and GRUBB and BOYCE, J. J., sitting.

*Daniel O. Hastings*, Deputy Attorney-General, for the State.

*Daniel J. Layton, Jr.*, for the defendant.

Court of General Sessions, Sussex County, October Term, 1907.

INDICTMENT FOR SELLING LIQUOR ILLEGALLY.

The indictment was as follows:

"SUSSEX COUNTY, ss.                                    October Term, 1907.

"The Grand Inquest for the State of Delaware and the body of Sussex County, on their oath and affirmation, respectively, do present, that George A. Polk late of North West Fork Hundred, in the County aforesaid, on the twenty-second day of September in the year of our Lord one thousand nine hundred and seven with force and arms at North West Fork Hundred in the County aforesaid, in a certain house there situate to wit: a dwelling-house located near Bridgeville in the Hundred and County aforesaid and in which said house the business of selling intoxicating liquors was then and there carried on; he the said George A. Polk did then and there unlawfully sell intoxicating liquor, to wit, whiskey, to one Harry C. Crockett, against the form of the Act of the General Assembly, in such case made and provided, and against the peace and dignity of the State.

"ROBERT H. RICHARDS,
*Attorney-General.*
"DANIEL O. HASTINGS,
*Deputy Attorney-General.*"

*Layton*, for defendant, moved to quash the indictment on the following grounds.

*First*. That it failed to state that the liquor was sold without a license, citing *State vs. Solio*, 4 *Pennewill*, 138.

*Second*. That it failed to state under which of the two statutes which provide for the licensing of the sale of intoxicating liquors, the alleged offense was committed.

*Hastings*, for State, replied; citing *Section* 12, *page* 419, *Revised Code* (1903), by which it is provided, "In prosecutions against any vender of intoxicating liquors, it shall not be necessary to aver or allege in any form that the defendant had no license; but the fact of license shall be matter of defense under the plea of not guilty.".

*Mr. Hastings* also stated, in explanation of the case of *State vs. Solio*, cited by Mr. Layton, that in that case the Attorney-General did not call the attention of the Court to said Section 12, and the motion to quash the indictment in that case was therefore allowed.

At this point Mr, Layton contended that said Section 12 of the Laws of Delaware was unconstitutional, as the defendant was always entitled to full information of the offense with which he was charged.

The motion to quash was overruled, the Court stating that the burden was upon the prisoner to show that he was licensed and therefore not selling liquor illegally.

GRUBB, J., charging the jury.

Gentlemen of the jury:—In this indictment the defendant is charged with selling liquor unlawfully to the prosecuting witness. The question raised before you is whether there was what the law. considers a sale of whiskey to the prosecuting witness. A sale is the delivery of an article, whiskey in this case, to another, the prosecuting witness, for a consideration—either money or other valuable consideration. The question before you is

whether the defendant delivered this whiskey to the prosecuting witness and received money from the prosecuting witness for it.

It was testified before you, for you to believe it or not as you may find the facts to be, that the prosecuting witness laid down on the table in the presence of the defendant and in the defendant's own house, a certain sum of money. If you believe that the prosecuting witness got the whiskey in question and laid down the money on the table in the defendant's presence and house as payment for it, your verdict should be guilty, whether the defendant accepted the money then or afterwards—unless he was licensed to sell intoxicating liquors and there is no evidence that he was so licensed. It is for you to decide between the witnesses as to whether this colored man, the defendant, did accept said money.

Now the rule of law is, where evidence is conflicting after considering all the testimony on both sides, that you may believe that which you consider true, believe the witnesses whom you deem truthful, and reject that which you believe is not true; and where evidence is conflicting you are to reconcile it if you can, but if you cannot, you are to believe that which, under all the facts and circumstances in evidence, seems most entitled to belief. As jurors you should do your duty to both the State and the prisoner, and act with the sound, vigorous common sense of fair-minded, reasonable and impartial men—determined that the accused shall not be convicted upon insufficient and unreliable testimony, and that the law shall not be violated or evaded by any cunning pretence or subterfuge of the real lawbreaker.

Now, gentlemen, you will retire to your chambers and find according to the evidence and the law as laid down to you by this Court. You are the judges of the credibility of the witnesses, which credibility you are to determine from the appearance, manner of testifying, etc. of the witnesses and the evidence before you.

The jury disagreed.