[No. 21726.    Department One.    March 22, 1929.]

THE STATE OF WASHINGTON, *Respondent*, v. ANDREW WESTLIE, *Appellant*.[1]

*E. C. Dailey*, for appellant.

*Charles R. Denney*, for respondent.

BEALS, J.—Andrew Westlie was charged, by information filed in the superior court for Snohomish county, with the crime of attempted carnal knowledge of a female child, the charging part of the information reading as follows:

"He, the said Andrew Westlie, in the county of Snohomish, state of Washington, on or about the 24th day of May, 1928, did wilfully, unlawfully and feloniously attempt to carnally know and abuse one Anna Stark, a female child under the age of 15 years, to wit: of the age of 11 years, not the wife of said Andrew Westlie, by then and there soliciting and asking said Anna Stark to have sexual intercourse with him, the said Andrew Westlie, and by physical act attempting

[1]Reported in 275 Pac. 706.

to have sexual intercourse with said Anna Stark, contrary to the form of the statute in such cases made and provided and against the peace and dignity of the state of Washington.''

To the information, defendant pleaded not guilty, and from a judgment and sentence entered upon a verdict of guilty, he appeals.

■ Appellant pleaded to the information without demurring or asking that the charging portion thereof be made more definite and certain. In his brief filed in this court, he, for the first time, attacks the information, alleging that it fails to charge him with any crime. While it is probable that, upon appellant's demand, the trial court would have required the prosecuting attorney to allege, with greater particularity, the facts relied upon to establish appellant's guilt, we hold that the information is sufficient as against an attack thereon urged for the first time in this court.

■ Appellant contended before the jury that, at the time of the alleged offense, he was so intoxicated as to be incapable of forming an intent. Error is assigned upon rulings of the trial court sustaining objections, on behalf of the prosecution, to questions propounded by appellant's counsel to C. A. Dailey, a member of the police force of the city of Everett, called by appellant as a witness on his behalf. Appellant testified that he had been drinking ''canned heat,'' and his counsel offered to prove by officer Dailey that ''canned heat'' was poisonous, and had a greater effect on the mentality of the person drinking the same than any other kind of intoxicating liquor. The questions asked and the offer of proof were vague and indefinite, and no proper foundation had been laid to establish the competency of officer Dailey to testify along the line outlined by appellant's counsel. Appellant himself testified fully as to his condition of intoxication at the

time of the alleged assault, and other testimony to the same effect was also admitted. The witness Dailey had not, himself, seen the appellant on the day of the alleged assault, and did not see him until the second day thereafter. The witness simply stated that he had seen some people who were intoxicated from drinking "canned heat". Mr. Dailey was neither a physician nor a chemist, nor did it appear that he had made any particular study of the effects of "canned heat" upon the human system, as compared with the effects of any other poisons. We conclude that the trial court committed no error in rejecting the evidence offered. *Taylor v. Modern Woodmen of America*, 42 Wash. 304, 84 Pac. 867, 7 Ann. Cas. 607.

Finally, appellant contends that the verdict is contrary to the evidence. An examination of the statement of facts convinces us that there was ample testimony before the jury to support the verdict rendered. Appellant told his story fully and freely, and his theory of the case was submitted to the jury under proper instructions, to which, as far as is shown by the record before us, no exceptions were taken. Appellant's counsel argued a motion for a new trial which the trial court denied. Appellant had a fair trial and we find no error of law committed by the trial court in the course thereof.

Judgment affirmed.

MITCHELL, C. J., FULLERTON, TOLMAN, and HOLCOMB, JJ., concur.