[No. 3404. Dec. 20, 1929.]

STATE v. HURST.

[283 Pac. 904.]

J. Lewis Clark, of Estancia, and Geo. W. Prichard, of Santa Fe, for appellant.

M. A. Otero, Jr., Atty. Gen., and E. C. Warfel, Asst. Atty. Gen., for the State.

### OPINION OF THE COURT

CATRON, J. This is an appeal from conviction and sentence for larceny. Clifford Hurst and Cecil Wood were jointly indicted and charged with stealing 57 chickens worth $62 from F. W. Hood. During the trial, the state dismissed as to Cecil Wood. The court instructed the jury on both grand and petit larceny, and gave a form of verdict broad enough to cover both. No objections were made by defendant to any of the court's instructions. As to Clifford Hurst, the jury returned the following verdict:

"We, the jury, find the defendant guilty and fix the value of the property taken at $5.00."

Defendant filed both motions in arrest of judgment and for new trial, which were overruled, and error is here predicated on said rulings.

█ Appellant's motion in arrest of judgment is based upon alleged insufficient description in the indictment of the chickens therein charged to have been stolen.

This court has repeatedly held that such questions must be raised in an appropriate manner and at a proper time, and that they come too late after plea, trial, and conviction.

█ Appellant's motion for a new trial presents the question that the verdict returned in the case fixing the value of the property stolen at $5 is unsupported by any testimony or evidence whatever, and therefore contrary to law.

Appellant contends that the evidence could only support a conviction for the larceny of 57 chickens worth from $41 to $62.10. This is equivalent to saying that there is no substantial evidence to support petit larceny, the crime found by the jury to have been committed.

Under the instructions given, the jury was permitted to consider and render the very verdict it did. If there be

any error, it is in the instructions to the jury. If there was no evidence to support a verdict for petit larceny, or if for any reason petit larceny should not have been submitted to the jury, it was defendant's duty to have raised such questions by proper objections to the instructions, thereby giving the court an opportunity to correct any such error and properly instruct the jury.

Defendant, having failed to object at a proper time, acquiesced in the instructions as presenting the correct theory of the case for the jury's consideration. Having so done, and the jury having found petit larceny instead of grand larceny, the defendant cannot, after return of such verdict, change the theory of the case.

Finding no reversible error, judgment of the trial court will be affirmed, and it is so ordered.

BICKLEY, C. J., and SIMMS, J., concur.

WATSON and PARKER, JJ., did not participate.