O’NEILL, C. J.
 

 The defendant has appealed from a conviction and sentence for manufacturing intoxicating liquor for beverage purposes. The record contains four bills of exception.
 

 The first bill was reserved to the refusal of the judge to allow the defendant to withdraw his plea of not guilty in order to-file a motion for a bill of particulars,- as to the date and place of the alleged offense. The only particulars given in the bill of information, in that respect, were that the offense was committed in May, 1929, in the parish of Bienville; but, by pleading not guilty, the defendant waived his right to be informed more specifically of the date and place of the alleged offense. ,It requires the consent of the judge, in the exercise of his discretion, to allow -the defendant to withdraw a plea of not guilty in order to set up some other plea or to demur to or move to quash the indictment or bill of information. Oode Or. Proc., art. 265; State v. Rester, 116 La. 985, 41 So. 231; State v. Boudreaux, 137 La. 227, 68 So. 442; State v. Hadad, 142 La. 69, 76 So. 243; State v. Gunn, 147 La. 373, 85 So. 44; State v. Sandiford, 149 La. 933, 90 So. 261; State v. Foster, 150 La. 971, 91 So. 411. There is no showing that the judge abused his discretion in this instance.
 

 The second bill was reserved to the overruling of a motion made by defendant’s counsel during the trial, to stop the trial in order that he might summon six witnesses, named in the motion, to impeach the testimony of a witness who has testified for the state. The third bill was reserved to the overruling of a motion made by defendant’s attorney immediately after the state’s evidence was introduced, and before the argument was begun, to have the caseTeft open until the six witnesses, named in the motion, could be summoned to contradict the testimony of the state’s witness referred to in bill No. 2. The third bill was reserved to the overruling of a motion for a new trial in order to hear the testimony of the six wit
 
 *419
 
 nesses named in bill No. 3. Tbe purpose for wbicb the defendant desired tbe testimony of tbe six witnesses was to contradict a statement made by tbe state’s witness on cross-examination, regarding an occurrence nine months subsequent to tbe date of the alleged offense. Tbe bills of exception do not explain or disclose tbe relevancy of the testimony wbicb the defendant desired to obtain from tbe six witnesses referred to; and the judge says, in bis statements per curiam, that tbe testimony of tbe state’s witness, wbicb tbe defendant contended could be contradicted or impeached, was not material or even relevant to tbe question of guilt or innocence of tbe defendant. Tbe rulings, therefore, complained of in bills No. 2, No. 3 and No. 4 were correct.
 

 Tbe conviction and sentence are affirmed.