No. 16,126.

HALL *v.* THE PEOPLE
(201 P. [2d] 382)

Decided December 6, 1948. Rehearing denied January 3, 1949.

Mr. ELLETT N. SHEPHERD, for plaintiff in error.

Mr. H. LAWRENCE HINKLEY, Attorney General, Mr. DUKE W. DUNBAR, Deputy, Mr. JAMES S. HENDERSON, Assistant, for the people.

*In Department.*

MR. JUSTICE LUXFORD delivered the opinion of the court.

OTIS E. HALL, plaintiff in error, to whom we hereinafter refer as defendant, was convicted of the crime of causing a woman to have a miscarriage, and sentenced to a term in the penitentiary. He brings the case here for review, contending that the court erred: (1) In refusing to give his tendered Instruction No. 1; and (2), in not permitting certain witnesses called by him to testify.

The young woman upon whom the alleged abortion was committed testified that she was about two months pregnant when she and her mother went to defendant's office in Denver; that he was a chiropractor and that he gave her certain medicine and used upon her person instruments which caused her to have a miscarriage; that a few days later at her home, she became very ill and was taken to the Denver General Hospital where an examination disclosed that she was suffering from infection caused by an abortion operation. Thereafter the information herein was filed against defendant followed by a formal trial. Defendant admitted that the two women came to his office, but denied that he performed any abortion operation upon the young woman as she stated. The jury resolved the issues against him and he was convicted and sentenced.

I. The trial court did not err in refusing to give defendant's tendered Instruction No. 1, which is as follows: "You are instructed that being a woman with child means an unborn child so far developed as to move or stir in the mother's womb; and if there is a reasonable doubt in your minds as to whether or not * * * [the woman herein involved] was such a woman with child, you shall find the defendant not guilty."

The reason for requesting this instruction was based upon the following testimony of Dr. Tracy R. Love: "Q.

At the time you examined her, in your opinion she had been pregnant about two months; is that correct? A. Yes. Q. Is that long enough for a foetus to form? A. Yes. Q. Long enough to have life or movement? A. It was so very small, I wouldn't want to say. I think probably not."

It is urged that inasmuch as the young woman was not at the time "quick with child," the tendered instruction should have been given. The court refused to give it, but did give its Instruction No. 5, which is as follows: "The statute of this state provides that every person who shall use, or cause to be used, any instrument of whatsoever kind, or administer or cause to be administered to or taken by any person any poison or other noxious and destructive substance or liquid, with the intention to procure the miscarriage of any woman then being with child, shall be guilty of crime and punished accordingly." This instruction follows the statute. '35 C.S.A., c. 48, §56.

The offense defined by the statute, supra, is the criminal act of destroying the foetus at any time before birth. We said in *Marmaduke v. People,* 45 Colo. 357, 358, 101 Pac. 337:

"It is argued that, under section 1209, Mills' Ann. Stats., there can be no crime for attempt to procure a miscarriage or abortion unless it appear that the attempt was upon a woman with child. It is quite true that such facts are essential elements to constitute the offense, yet the word 'abortion' has a distinct and definite meaning when used in judicial proceedings that necessarily implies all such essential elements. While the statute above cited does not use the word 'abortion,' yet it does use its synonym, 'miscarriage.' 'The word, "abortion" is synonymous and equivalent to "miscarriage" in its primary meaning.'—*Mills v. Commonwealth,* 13 Pa. (1 Harris) 631, 633."

" 'Procuring an abortion' in common language, means substantially the same as procuring a miscarriage.— *State v. Cook,* 16 Utah 212."

144

"Bouvier, in defining 'miscarriage,' says:

" 'The expulsion of the ovum or embryo from the uterus within the first six weeks after conception. Between that time, and before the expiration of the sixth month, when the child may possibly live, it is termed abortion. When the delivery takes place soon after the sixth month, it is denominated premature labor. But the criminal act of destroying the foetus at any time before birth is termed, in law, procuring miscarriage.— Chitty, Med. Jr., 410; 2 Dungl. Hum. Phys. 364.'

"Therefore it is clearly evident that abortion is miscarriage, and the two words in law are synonymous."

The court was right in refusing to give defendant's tendered instruction, and properly stated the applicable law in its given Instruction No. 5.

II. The court did not err in refusing to permit certain witnesses offered by defendant to testify that they were his patients and that he had rendered them satisfactory service.

No authority is cited in support of this novel offer. The witnesses were not called as character witnesses and the court was right in rejecting their offered testimony.

Finding no error in the record, the judgment is affirmed.

MR. CHIEF JUSTICE BURKE and MR. JUSTICE JACKSON concur.