IDA M. SCOTT, Appellant, v. STATE OF DELAWARE, Appellee.

(*November* 14, 1955.)

SOUTHERLAND, C. J., and WOLCOTT and BRAMHALL, J. J., sitting.

*Henry A. Wise, Jr.*, for appellant.

*Herbert L. Cobin,* Chief Deputy Attorney-General, for the State.

Supreme Court of the State of Delaware, No. 30, 1954.

BRAMHALL, J.:

A petition for reargument was filed by the State after the filing of the former opinion in this case, 10 *Terry* 251, 113 *A.* 2d 880. This court granted a limited reargument upon the following basis:

"The question to be argued is limited to the sufficiency of the evidence in the case to establish the guilt of the defendant beyond a reasonable doubt under the rules of law applicable to circumstantial evidence."

The objection of the State is bottomed upon the construction which this court in a former opinion placed upon the findings of fact of the court below relating to an alleged private meeting between defendant and Mrs. Quigley at the latter's apartment just before the operation was performed. In that opinion this court interpreted the language of the lower court as implying at least that no such meeting occurred. There being no other testimony tending to show any direct connection between defendant and Mrs. Quigley, this court held that the findings of fact as stated by the trial court were insufficient to sustain a conviction.

The State contends that the lower court made no specific findings relative to this alleged meeting, and that therefore such conclusion by this court was unwarranted. The State also claims that by reason of the general finding of guilty by the lower court, coupled with the further fact that no request for specific findings had been made, any doubt about the meaning of this particular part of the court's findings must be resolved in favor of the State.

Relative to this alleged meeting the lower court, in refer-

ring to the arrival of defendant and Mrs. Compton at the Quigley apartment, said: "Defendant *then* went into another room while Alice Quigley performed an act or acts intended to procure an abortion." [Italics supplied.] This court concluded from the use of the word "then" that the lower court had rejected Mrs. Compton's testimony that the defendant and Mrs. Quigley talked together privately before the abortion was performed. In reaching this conclusion we noted that the fact was in dispute. Moreover, Mrs. Compton in cross-examination admitted that in a previous hearing she had not testified to the private meeting. Hence the failure of the trial judge to resolve this disputed fact could be interpreted as a rejection of Mrs. Compton's testimony.

After further argument, however, we think that the opinion of the trial court may possibly be construed as one that merely failed to make complete findings of fact.

Rule 23(c) of the Rules of Criminal Procedure of the Superior Court, *Del. C. Ann.*, provides:

"Trial Without a Jury. In a case tried without a jury the court shall make a general finding and shall in addition on request find the facts specially."

In this case no request was made that the lower court find the facts specially. Nevertheless, that court undertook to make specific findings. We think that a proper construction of the rule is this: If specific findings are not requested, the court may either (a) render a general verdict without any findings, or, (b) may on its own motion make specific findings. If the former course is followed, all pertinent questions of fact, if there is sufficient evidence to support them, will be resolved in favor of the findings of the lower court. *Blunden v. United States*, 6 Cir., 169 *F.* 2d 991. But, if the latter course is followed, the findings ought to be complete. *Lorenzi v. Star Market Co.*, 19 *Idaho* 674, 115 *P.* 490, 35 *L. R. A., N. S.*, 1142. See also cases cited in 53 *Am. Jur.* (Trial), Sec. 1134, p. 788, n. 5.

The determination of the question as to whether or not the private meeting between defendant and Mrs. Quigley occurred is of vital importance. If the meeting took place as testified to by Mrs. Compton, a direct connection between defendant and Quigley is implied, from which, with the other circumstances leading up to this alleged meeting, the lower court would have been justified in inferring that the purpose of the meeting was in furtherance of the criminal act proposed to be accomplished, for which both defendant and Mrs. Compton admittedly met Mrs. Quigley at Mrs. Quigley's apartment. If it did not occur, then there is no evidence in this case to show any prior connection between defendant and Mrs. Quigley and the reversal of the lower court by this court in our former opinion in this case must stand.

The only testimony relative to the alleged meeting between defendant and Mrs. Quigley is the testimony of Mrs. Compton. In cross-examination she admitted that at a previous hearing she had not testified as to the private meeting. In view of the somewhat uncertainty of the language of the lower court, we are reluctant to accept its language as to this meeting as conclusive.

█ The failure of the lower court to make a specific finding upon a material issue does not upon appeal lay upon this court the duty of examining and analyzing the evidence for the purpose of making its own findings. See *United States v. Esnault-Pelterie*, 299 *U. S.* 201, 57 *S. Ct.* 159, 81 *L. Ed.* 123. Neither do we think that under the circumstances of this case a new trial is necessary. The pertinent evidence is before the court. Under such circumstances, the appellate court will generally remand the case with directions to make a finding based upon the evidence, or, in a case where the finding is ambiguous, to make a more specific finding. *Hunter v. Scruggs Drug Store, Inc.*, 4 *Cir.*, 113 *F.* 2d 971; *McClure v. O'Henry Tent & Awning Co.*, 7 *Cir.*, 184 *F.* 2d 636, 639; *United Shoe Machinery Corp. v. Kamborian*, 1 *Cir.*, 160 *F.* 2d 461. See *Moore's Federal Practice, Vol.* 5, 52.06 (2), p. 2662. While the authorities here cited are federal decisions relating to civil cases under *Fed. Rules Civ. Proc.* rule 52

(a), 28 *U. S. C. A.*, we see no reason why they should not be equally applicable in a proper case to Rule 23(c) of the Rules of Criminal Procedure of the Superior Court.

We are of the opinion that the judgment in this case should be opened and the case remanded to the lower court with instructions as hereinafter set forth.

Defendant has objected to the sufficiency of the first count of the indictment. In the former opinion of this court in this case, we consider it to be unnecessary to pass upon the questions raised by this objection. In view of our present decision to remand the case to the trial judge for the determination of the question of fact as to whether or not there was a private meeting between defendant and Alice Quigley immediately prior to the commission of the act or acts for the purpose of causing an abortion, it now becomes necessary that these objections,—which were fully briefed and argued,—be considered.

In the lower court, after the trial, defendant filed a motion purporting to be pursuant to Rule 34 of the Rules of Criminal Procedure of the Superior Court, in which she alleged: (1) that 5296 of the *Revised Code of Delaware,* 1935, as amended (now cited as Title 11, Sec. 102 of the *Del. C.* of 1953), does not create any punishable offense but is merely a procedural statute; (2) the first count of the indictment fails to contain a plain, concise and definite written statement of the essential facts constituting the offense charged; and, (3) that the first count of the indictment failed to include a statement that the alleged victim of the intended miscarriage was pregnant or thought to be pregnant. The latter question was not pressed upon appeal and will not be considered here.

The lower court in its opinion of July 23, 1954, held that the indictment complied with 5318 of the *Revised Code of Delaware,* 1935, and with Rule 7(c) of the present Criminal Rules of the Superior Court, stating that the fact that 5296 was erroneously cited did not render the indictment defective where it

otherwise clearly and concisely informed the defendant of the nature of the charge against her. In a later opinion, dated August 30, 1954, the lower court refused to consider defendant's motion that the indictment failed to allege that the prosecuting witness was pregnant or believed to be pregnant at the time the abortion was performed, on the ground that under Rule 12(b) (2) of the Criminal Rules of the Superior Court, or by the law of this state prior to that rule, defendant's motion had come too late.

We first advert to the succesive steps taken in this case from the finding of the indictment to the trial of defendant. On March 5, 1952, defendant was indicted. On March 17, 1952, she pleaded not guilty to the indictment. On January 22, 1954, the case was tried by the court without a jury.

It will be noted that at no time after the indictment was found on March 5, 1952, until during the trial on January 22, 1954, was any motion of any kind ever made by the defendant. It would seem that defendant's objection to the indictment was not actually raised until the filing of her motion in arrest of judgment on August 5, 1954, more than two years after the indictment was found.

What is the effect of the fact that in the first count of the indictment an irrelevant statute is designated as the basis of the charge? Defendant was indicted upon two counts. She was convicted upon the first count. In that count it was charged that the defendant "did then and there procure one Alice B. Quigley to perform an abortion upon one Verna Compton, a female, such abortion not being then and there necessary to preserve the life of the said Verna Compton, contrary to 5296 of the *Revised Code of Delaware*, 1935,[1] and against the peace and dignity of the State." It is provided in this section that any person who "shall abet, procure, command, or counsel, any other person, or persons, to commit any crime or misdemeanor, shall be deemed

---

[1] This indictment was found at the March Term, 1952, prior to the enactment of the 1953 *Code*.

an accomplice and shall be guilty of the same crime or misdemeanor as the principal offender." 5171, 11 *Del. C. Ann.* § 301, relates entirely to the crime of abortion. In that section, it is provided, *inter alia,* that "Whoever, with the intent to procure the miscarriage of any pregnant woman or woman supposed by such person to be pregnant, unless the same be necessary to preserve her life, * * * shall aid, assist, or counsel any person so intending to procure a miscarriage * * * shall be guilty of a felony * * *."

█ It is true that 5296 of the *Revised Code of Delaware,* 1935, relates to accomplices and not specifically to the crime of abortion. But as stated by the court below, the mere fact that 5296 may have been erroneously cited as the section upon which the indictment was found, does not render it fatally defective. If the indictment charges the offense, it is immaterial what statute a drawer had in mind. *United States v. Austin-Bagley Corp., D. C.,* 24 *F.* 2d 527; *United States v. Doss, D. C.,* 66 *F. Supp.* 243, *affirmed* 5 *Cir.,* 158 *F.* 2d 95; *United States v. Crittenden, D. C.,* 24 *F. Supp.* 84.

In this state, it will be noted that in the case of *State v. Polk,* 6 *Penn.* 456, 69 *A.* 1006, a motion to quash an indictment for the unlawful sale of intoxicating liquors on the ground, among others, that the indictment failed to disclose under which of two statutes relative to the sale of intoxicating liquors the alleged offense was committed, was denied.

We find no merit in defendant's contention that the first count of the indictment was defective by reason of an alleged incorrect reference to the applicable statute.

It is contended on behalf of the State that the indictment complies with the requirements of Sec. 7, of Art. I of the *State Constitution, Del. C. Ann.,* and with Sec. 5318 of the *Revised Code of Delaware,* 1935, providing that the accused shall be plainly and fully informed of the nature and cause of the accusation against him. Section 5318 is no longer a part of the statutory law of this State, its function presumably now being per-

formed by Rule 7(c) of the Criminal Rules of the ·Superior Court. The State further contends that defendant by failing to make her motion in season has waived her right to do so.

We shall first consider whether or not defendant has waived her rights by failing to make her objection to the indictment promptly. The consideration of this question makes it necessary to determine whether or not a defect in the indictment, if any, is a failure to charge jurisdiction in the court or the commission of an offense, or, on the other hand, constitutes merely a want of particularity. If the defect is a failure to charge jurisdiction or the commission of an offense, it may not be waived and an objection thereto may therefore be raised at any stage of the proceedings. *State v. Marvel*, 3 *W. W. Harr.* 102, 131 *A.* 313, affirmed 3 *W. W. Harr.* 110, 131 *A.* 317, 42 *A. L. R.* 1058; *State v. Adair*, 1 *W. W. Harr.* 558, 117 *A.* 20. This principle is now embodied in Rule 12(b) (2) of the Criminal Rules of Procedure of the Superior Court, which provides that "Lack of jurisdiction or the failure of the indictment or information to charge an offense shall be noticed by the court at any time during the pendency of the proceeding."

Defendant was charged with procuring another to perform an abortion, not necessary for the preservation of life. The word "abortion" in law is usually synonymous with miscarriage. *Coffman v. Commonwealth*, 188 *Va.* 553, 50 *S. E.* 2d 431; *Hall v. People*, 119 *Colo.* 141, 201 *P.* 2d 382; *Commonwealth v. Smith*, 213 *Mass.* 563, 100 *N. E.* 1010. To charge that one induced another to cause a miscarriage upon a third person, when such miscarriage was unnecessary to preserve life, is to charge that person with inducing another to commit a criminal act. In construing the meaning of the word "abortion", reference to Chapter 149 of the *Revised Code of Delaware*, 1935, as taken from Chapter 149 of the *Revised Code of Delaware*, 1915, is helpful. That chapter relates entirely to offenses against the lives and persons of individuals: murder, manslaughter, assault, poisoning with intent to murder, maiming and abortion. It is obvious that the subheadings were intended to designate the crime

against the lives and persons of individuals and that the word "abortion" in 5171 of the *Revised Code of Delaware,* 1935, as a part of this chapter, is used to designate a criminal act as defined in the body thereof.

We think that the indictment charges a crime of which the Superior Court had jurisdiction. Defendant is advised therein of the nature of the crime of which she is charged, the time and place of the commission of the offense, the name of the person whom she is charged with procuring to commit the offense and the name of the woman upon whom the abortion was attempted. It is true that the means by which the abortion was attempted was not stated. However, since the act to be accomplished was a criminal act, the failure to set forth in the indictment the means by which the abortion was to be accomplished was nothing more than lack of particularity in stating the details of the acts constituting the offense and was waived by failure to make timely objection thereto. *State v. Smith,* 182 *Or.* 497, 188 *P.* 2d 998; *People v. Newman,* 137 *Misc.* 267, 241 *N. Y. S.* 745; *People v. Benenato,* 77 *Cal. App.* 2d 350, 175 *P.* 2d 296; *State v. Westlie,* 151 *Wash.* 312, 275 *P.* 706; *State v. Hurst,* 34 *N. M.* 447, 283 *P.* 904; *Wolff v. Commonwealth,* 211 *Ky.* 62, 276 *S. W.* 1067. If it had been necessary that defendant be advised of the means by which the commission of the abortion was attempted, she could easily have protected her rights by a motion to quash or a motion for a bill of particulars. Her failure to make such motion under the facts of this case prior to going to trial constituted a waiver of her right to do so. *Case v. United States,* 9 *Cir.,* 6 *F.* 2d 530; *State v. Kettler,* 171 *La.* 416, 131 *So.* 193; *People v. Willett,* 213 *N. Y.* 368, 107 *N. E.* 707. See *State v. Marvel, supra; State v. Adair, supra.*

We are of the opinion that under the circumstances of this case, defendant has waived her right to object to the sufficiency of the indictment.

The cause is remanded to the Superior Court of New Castle County with instructions to open the judgment of conviction

and make such additional findings of fact as may be appropriate in connection with the evidence concerning the alleged private meeting above discussed, and upon the making of such additional findings of fact either to reinstate or vacate the judgment of conviction, according to the result indicated by such findings and in accordance with the principles of law laid down in this opinion.