**STATE of Delaware**

v.

**Terrence Gustavus RILEY.**

Superior Court of Delaware.
Sussex.
May 1, 1969.

**274**

William M. Chasanov, Deputy Atty. Gen., attorney for State.

Herman Brown, Dover, attorney for defendant.

## OPINION

CHRISTIE, Judge.

Defendant has been charged with abortion and has moved that the indictment against him be dismissed. This is the decision on defendant's motion.

The indictment charges that defendant, with the intent to procure the miscarriage of a woman supposed by him to be pregnant, "advised her to use, and was prepared to use an instrument or instruments to effect a miscarriage * * *" There is no allegation in the indictment that the intended miscarriage was not necessary to preserve the woman's life. Defendant contends that the absence of such an allegation renders the indictment defective.

Delaware's abortion law reads as follows:

"Whoever, with the intent to procure the miscarriage of any pregnant woman, or any woman supposed by such person to be pregnant, unless the same is neces-

sary to preserve her life, administers, advises, prescribes or causes to be taken by her, any poison, drug, medicine or other noxious thing, or uses any instrument or other means, whether the miscarriage is accomplished or not, is guilty of a felony * * *." (11 Del.C. § 301).

At common law, if an abortion was necessary to save the life of the woman, such situation constituted an affirmative defense to a charge of criminal abortion. The indictment was not required to negate such affirmative defense. 1 Am.Jur.2d, Abortion, § 18 (1962). Similarly in a statute proscribing abortion except when necessary to preserve the life or health of the woman, the exception has been held to be a defense or justification rather than an element of the crime. Williams v. United States (1944), 78 U.S.App.D.C. 147, 138 F. 2d 81, 153 A.L.R. 1213 (1944).

By the weight of authority, however, an exception clause in the body of an abortion statute makes it necessary to allege that what was done was not necessary to save life. Such allegation has been deemed an essential element of the crime which must not only be spelled out in the indictment but also proved as part of the prosecution's case. 1 Am.Jur.2d, Abortion, § 9 (1962), 153 A.L.R. 1218, 1266 (1944). Courts have reached these conclusions not only by considering the mere presence of the exception in the enacting clause of the statute, but also because the exceptions are so incorporated with the language defining the offense that they become a part of the description thereof. 41 Am.Jur.2d, Indictments and Informations, § 98 (1968); Williams v. United States, *supra*.

In Delaware an allegation to the effect that a miscarriage was not necessary to preserve the woman's life has long been regarded as an allegation of one of the "essential facts and constituent elements" of the felony of abortion and a matter the State must prove beyond a reasonable doubt in order to convict. State v. Brown, 3 Boyce 499, 85 A. 797, 802–803 (Court of General Sessions 1912). It has been cus-

tomary in Delaware to allege that the acts complained of were not necessary to save the woman's life. See for example the indictments referred to in State v. Jones, 4 Pennewill 109, 53 A. 858, 859 (Court of General Sessions 1902); Scott v. State, 10 Terry 401, 117 A.2d 831, 835 (1955).

■ It is fundamental that any matter constituting an essential element of a criminal offense must be set forth in the indictment. If an indictment fails to allege facts to support any essential element of the crime, no offense is alleged and the indictment is insufficient. 41 Am.Jur.2d Indictments and Informations, § 69 (1968).

■ It is true that the technical requirements of pleading in a common law indictment have been liberalized and the primary function of the indictment is fulfilled if it puts the accused on "full notice of what he is charged with, and of what he will be called upon to defend". See Holland v. State, 194 A.2d 698, 699 (Del. 1963). However, no rule of pleading, no matter how liberal, should give validity to an indictment which, because of the complete omission of an essential element of the offense, does not charge defendant with a crime.

■ Defendant urges two additional grounds for holding the indictment fatally defective. The indictment charges that defendant "was prepared to use an instrument or instruments to effect a miscarriage". Counsel correctly argues that 11 Del.C. § 301 says nothing about being "prepared" to effect a miscarriage. Mere readiness to effect a miscarriage is not abortion under the statute. This allegation supplies no essential element of the crime of abortion.

■ The indictment further alleges that defendant "advised her to use * * * an instrument or instruments to effect an abortion". Counsel argues that advising use of an instrument is not proscribed by the statute; that only actual use of an instrument is proscribed; that the statutory proscription against advising use refers only to advising use of "poison, drugs, medicine, or other noxious thing". The Court agrees with defense counsel's contention, and it cannot be said that an instrument is a noxious thing within the generally accepted meaning of that term. Use of an instrument is proscribed but the statute is silent as to advising the use of an instrument.

The indictment fails to allege essential elements of the crime of abortion. It must be dismissed.

It is so ordered.