**Alejandro CRUZ, Defendant Below, Appellant,**

v.

**STATE of Delaware, Plaintiff Below, Appellee.**

**No. 119, 2010.**

Supreme Court of Delaware.

Submitted: Feb. 2, 2011.
Decided: Feb. 9, 2011.

---

Santino Ceccotti and Bernard J. O'Donnell (argued), Office of the Public Defender, Wilmington, Delaware for appellant.

Paul R. Wallace, Department of Justice, Wilmington, Delaware for appellee.

Before STEELE, Chief Justice, HOLLAND, BERGER, JACOBS and RIDGELY, constituting the court en banc.

STEELE, Chief Justice:

On February 4, 2008, Alejandro Cruz stabbed Aurora Reyes 68 times, killing her. On his way to Mexico, Texas Rangers arrested him in Austin, Texas. A judge found Cruz guilty of first degree murder, among other charges. Cruz appeals his first degree murder conviction. Because we defer to a general verdict if there is record evidence to support it, and because there is sufficient evidence here to support the guilty verdict, we affirm.

## I. FACTS AND PROCEDURAL HISTORY

Alejandro Cruz immigrated to the United States from Mexico in 2004. He has a wife and children in Mexico, and, after immigrating to the United States, he would regularly send them money he earned from landscaping and assisting a mechanic. Before immigrating, he was a member of a special security force charged with protecting special Mexican government functionaries. In 2008, he rented a bedroom from the owner of a house in Newark, Delaware. He shared this house with five other residents, one of whom, Aurora Reyes, acted as an informal property manager who collected rent from the tenants and delivered it to the property owner.

On February 2, 2008, Cruz's son and youngest daughter were scheduled to receive their First Holy Communion and his eldest daughter was supposed to be confirmed in their church in Mexico. As the date approached, it became evident that Cruz would be unable to attend because his income tax refund, which he planned to take to Mexico with him, was delayed. Sad that he was going to miss the occasion, Cruz made plans to travel to Mexico on February 5.

Cruz testified at trial that on February 4, in the middle of the afternoon, he encountered Reyes in their house. According to Cruz's trial testimony, Reyes brandished a knife and demanded that Cruz pay her his outstanding rent before leaving for Mexico the next day. Cruz said that he told Reyes that he would speak with the property owner about paying his rent, but Reyes confrontationally told him that either he could pay her the rent or he could not leave for Mexico. Then, according to Cruz, Reyes attacked him with the knife. Cruz testified that he took control of the knife and pushed her away, but that she continued to lunge at Cruz, punching and pushing him. In that moment, Cruz testified, he lost control of himself and started thinking about witnessing the deaths of his fellow soldiers in the special security force in Mexico as well as his unfulfilled desire to be with his family.

Cruz stabbed Reyes 68 times with the knife, severing many major blood vessels and causing her to bleed to death. After stabbing her to death, he moved her body to a storage shed on the property and covered it with items from the shed. He also attempted to clean the blood from the house, gathered his belongings from the house, loaded them in Reyes's SUV, and began driving to Mexico. Along the way, he stole money from Reyes by forging a check from her checkbook. On February 6, Texas Rangers arrested Cruz in Austin, Texas.

A grand jury indicted Cruz for first degree murder, possession of a deadly weapon during the commission of a felony, and theft of a motor vehicle. Cruz waived his right to a jury trial, and his bench trial began on October 27, 2009. After the State's case in chief, Cruz moved for, and the judge denied, a motion for a judgment of acquittal on the murder charge, and

alternatively, a finding of guilt on a lesser-included offense.

Cruz presented two affirmative defenses at trial: (1) self-defense, and (2) extreme emotional distress. He presented testimony and a report from a mental health professional which concluded that he was suffering from EED at the time he killed Reyes, and therefore, the court should mitigate his murder conviction to manslaughter according to 11 *Del. C.* § 641.[1]

At the end of the trial, the trial judge found Cruz guilty on all counts. The judge did not make any specific findings of fact because neither party requested them, and he sentenced Cruz to life in prison plus a period of years. Cruz did not file a post-trial Motion for a Judgment of Acquittal. Cruz now appeals and argues that the trial judge erred as a matter of law when he found Cruz guilty of murder and rejected his EED defense.

## II. ANALYSIS

■ According to Superior Court Criminal Rule 23(c), the Superior Court "shall make a general finding and shall in addition, on request made before the general finding, find the facts specially."[2] It is well established that, under Rule 23(c), if neither party requests specific findings, the judge has the discretion to render a general verdict without any findings or to make specific findings on his own motion.[3] If the judge renders a general verdict without any findings, then we resolve all pertinent questions of fact, if there is sufficient evidence to support them, in favor of the judge's findings.[4] As long as there are facts in the record to support the general verdict, under this standard, our deference is nearly absolute.[5] The facts of this case are sufficient to support the judge's verdict either under this highly deferential standard of review or otherwise.

---

1. 11 *Del. C.* § 641. Extreme emotional distress

 The fact that the accused intentionally caused the death of another person under the influence of extreme emotional distress is a mitigating circumstance, reducing the crime of murder in the first degree as defined by § 636 of this title to the crime of manslaughter as defined by § 632 of this title. The fact that the accused acted under the influence of extreme emotional distress must be proved by a preponderance of the evidence. The accused must further prove by a preponderance of the evidence that there is a reasonable explanation or excuse for the existence of the extreme emotional distress. The reasonableness of the explanation or excuse shall be determined from the viewpoint of a reasonable person in the accused's situation under the circumstances as the accused believed them to be. Extreme emotional distress is not reasonably explained or excused when it is caused or occasioned by the accused's own mental disturbance for which the accused was culpably responsible, or by any provocation, event or situation for which the accused was culpably responsible, or when there is no causal relationship between the provoca-

 tion, event or situation which caused the extreme emotional distress and the victim of the murder. Evidence of voluntary intoxication shall not be admissible for the purpose of showing that the accused was acting under the influence of extreme emotional distress.

2. Super. Ct.Crim. R. 23. Trial by jury or by the court

 . . .

 (c) Trial without a jury. In a case tried without a jury the court shall make a general finding and shall in addition, on request made before the general finding, find the facts specially. Such findings may be oral. If an opinion or memorandum of decision is filed, it will be sufficient if the findings of fact appear therein.

3. *Scott v. State,* 117 A.2d 831, 833 (Del.1955).

4. *Id.*

5. *See id.* ("The failure of the lower court to make a specific finding upon a material issue does not upon appeal lay upon this court the duty of examining and analyzing the evidence for the purpose of making its own findings.").

██ If a defendant intentionally caused the death of another person under the influence of EED and proves EED by a preponderance of the evidence, then EED mitigates the homicide from first degree murder to manslaughter.[6] Specifically, the defendant needs to prove two essential elements: (1) that he acted under the influence of EED, and (2) that there was a reasonable explanation or excuse for the EED.[7] These elements are factual.[8]

In this case, Cruz argued that in light of his past experience as a special security forces member and his frustration with missing important family events in Mexico, he simply lost control and primitive emotions and reflexes took over. He presented testimony and a report from a mental health professional in support of his claim. The prosecutor cross-examined both the expert and Cruz at trial. She elicited testimony from the expert confirming, among other things, that EED is a legal—not a psychological—construct, that he developed his opinion almost exclusively on the basis of information provided by Cruz without conducting any independent interviews, and that there were inconsistencies between the facts Cruz recited to the police and the facts Cruz recited to the expert.

██ Ultimately, the "trier of fact 'is the sole judge of the credibility of the witnesses....'"[9] The fact finder "is free to accept or reject in whole or in part testimony offered before it, and to fix its verdict upon the testimony it accepts."[10] Moreover, when faced with testimony from mental health experts, fact finders may "accept it, reject it, or give it whatever weight they [see] fit."[11] It was for the trial judge in this case, sitting as the fact finder, to judge the credibility of the witnesses and assign the appropriate weight, if any, to their testimony. The testimony discussed above, when considered in light of the other evidence presented by the State during its case-in-chief, sufficiently supports the judge's rejection of the EED defense and the guilty verdict. That is particularly so given the highly deferential lens through which we consider this case.

## III. CONCLUSION

The trial judge properly exercised his discretion under Superior Court Criminal Rule 23(c) and delivered a general verdict without specific findings. Therefore, there is little for us to review. While we generally do not examine the evidence to make our own specific findings when reviewing a general verdict, and do not make specific findings here, we nevertheless have considered the record on appeal and we accept the judge's factual determination that Cruz was not acting under the influence of EED when he killed Reyes. The judgment of the Superior Court is affirmed.

**6.** § 641.

**7.** *Id.*

**8.** *Chinski v. State,* 804 A.2d 1065, 2002 WL 1924786 at *1 (Del.2002) (ORDER) (classifying judicial conclusions regarding EED claims as "factual determinations").

**9.** *Knight v. State,* 690 A.2d 929, 932 (Del. 1996) (quoting *Tyre v. State,* 412 A.2d 326, 330 (Del.1980)).

**10.** *Debernard v. Reed,* 277 A.2d 684, 685 (Del. 1971).

**11.** *Longoria v. State,* 168 A.2d 695, 704 (Del. 1961) (quoting *Dashiell v. State,* 154 A.2d 688, 690 (Del.1959)).