IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ROBERT L. SMITH, | § | |
| | § | No. 179, 2024 |
| Defendant Below, | § | |
| Appellant, | § | Court Below: Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | Cr. ID No. 1602012206 |
| STATE OF DELAWARE, | § | |
| | § | |
| Appellee. | § | |

Submitted: July 9, 2025
Decided: August 14, 2025

Before **VALIHURA**, **TRAYNOR**, and **LEGROW**, Justices.

## <u>ORDER</u>

Upon consideration of the parties' briefs and the record on appeal, it appears to the Court that:

(1) On August 30, 2017, Robert Smith pleaded Guilty But Mentally Ill ("GBMI") to Murder First Degree and Possession of a Deadly Weapon During the Commission of a Felony ("PDWDCF") for the stabbing and resulting death of his girlfriend, Igna Coffee Young, in 2016. Five weeks later, Smith sent his counsel a letter seeking to withdraw his plea on the basis that there was a defect in his indictment. Trial counsel met with Smith to discuss his request to withdraw, but no motion was filed. Two weeks after that meeting, the Superior Court sentenced Smith

1

as follows: for Murder First Degree, the balance of his natural life at Level V; for PDWDCF, 25 years at Level V followed by 6 months at Level III.[1]

(2) After prolonged postconviction proceedings, the Superior Court denied Smith's motion for postconviction relief. In its decision denying the motion, the Superior Court identified this Court's decision in *Scarborough v. State*[2] as the proper test (the "*Scarborough* factors") for determining whether Smith was prejudiced by his trial counsel's failure to move to withdraw the plea at Smith's request.[3] The court, however, did not expressly apply the *Scarborough* factors to Smith's case, as our decision in *Reed v. State*[4] requires. The Superior Court separately addressed and rejected Smith's argument regarding his counsel's advice to plead GBMI to the first-degree murder charge.

(3) Smith appealed and argued that the Superior Court erred in two ways: (1) by finding that he was not entitled to postconviction relief due to his trial counsel's failure to file a motion to withdraw his guilty plea; and (2) by holding that his trial counsel was not ineffective in advising Smith to plead guilty.

(4) On November 15, 2024 this Court issued an order affirming the Superior Court's decision that trial counsel was not ineffective in recommending

---

[1] App. to Opening Br. at A48–52.

[2] *Scarborough v. State*, 938 A.2d 644 (Del. 2007).

[3] *State v. Smith*, 2024 WL 1577183 (Del. Super. Apr. 11, 2024).

[4] *Reed v. State*, 258 A.3d 807, 830 (Del. 2021).

that Smith plead guilty.[5] We remanded the case to the Superior Court to complete its analysis of the *Scarborough* factors. The Superior Court analyzed each of the *Scarborough* factors upon remand (the "Remand Order").[6] At our request, the parties filed supplemental briefing addressing the Superior Court's Remand Order. We now consider the remaining issue of whether Smith suffered prejudice under *Strickland.*

(5) This Court reviews the Superior Court's denial of a motion for postconviction relief for abuse of discretion.[7] We review legal and constitutional questions, including ineffective-assistance-of-counsel claims, *de novo*.[8] To prevail on a claim of ineffective assistance of counsel, the defendant must satisfy the two-prong standard set forth in *Strickland v. Washington*.[9] Under *Strickland*, the defendant must prove that (1) his trial counsel's performance was objectively unreasonable; and (2) his defense was prejudiced as a result.[10]

(6) The Superior Court found, and the State does not contest, that trial counsel's failure to move to withdraw Smith's guilty plea or move to withdraw as

[5] *Smith v. State*, 2024 WL 6467485 (Del. Nov. 15, 2024).

[6] *Smith v. State*, 2025 WL 466968 (Del. Super. Feb. 11, 2025) [hereinafter the "Remand Order"].

[7] *Ploof v. State*, 75 A.3d 811, 820 (Del. 2013).

[8] *Id.*

[9] 466 U.S. 668, 687 (1984).

[10] *Id.* at 687–88, 691–92.

counsel was objectively unreasonable under the circumstances. Accordingly, only the prejudice prong of *Strickland* remains. That prong requires us to determine whether there would have been a different outcome but for trial counsel's deficiency.[11] "In the context of pleas a defendant must show the outcome of the plea process would have been different with competent advice."[12] As we explained in *Reed*, "in the plea withdrawal context, [the defendant] must show that there is some reasonable probability that but for counsel's error, [the defendant] would have insisted on going to trial and the trial court would have granted his motion to withdraw the plea."[13]

(7) A motion to withdraw a guilty plea is addressed to the trial court's sound discretion.[14] "The defendant bears the burden to show, under Superior Court Criminal Rule 32(d), that there is a fair and just reason to permit the withdrawal."[15]

---

[11] *Strickland*, 466 U.S. at 687–88, 691–92.

[12] *Lafler v. Cooper*, 566 U.S. 156, 163 (2012).

[13] *Reed*, 258 A.3d at 829–30; *see also Hill v. Lockhart*, 474 U.S. 52, 59 (1985) ("In other words, in order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."); *Bradley v. State*, 929 A.2d 783, 2007 WL 1599991, at *1 (Del. 2007) (TABLE) ("In order to prevail on a claim of ineffective assistance of counsel in connection with a guilty plea, a defendant must demonstrate that, but for his counsel's unprofessional errors, he would not have pleaded guilty, but would have insisted on proceeding to trial."); *Somerville v. State*, 703 A.2d 629, 631 (Del. 1997) ("counsel's actions were so prejudicial that there is a reasonable probability that, but for counsel's errors, the defendant would not have pleaded guilty and would have insisted on going to trial." (internal quotations and citations omitted)).

[14] *Blackwell v. State*, 736 A.2d 971, 972 (Del. 1999).

[15] *Scarborough*, 938 A.2d at 649 (citing *State v. Cabrera*, 891 A.2d 1066, 1069 (Del. Super. 2005)).

In *Scarborough v. State*, this Court identified five questions that "the judge *must* [address] . . . [i]n evaluating whether to permit a defendant to withdraw his guilty plea."[16] The factors do not need to be balanced, and some alone may justify relief.[17] Those five questions are:

> (1)     Was there a procedural defect in taking the plea;
> (2)     Did [defendant] knowingly and voluntarily consent to the plea agreement;
> (3)     Does [defendant] presently have a basis to assert legal innocence;
> (4)     Did [defendant] have adequate legal counsel throughout the proceedings; and,
> (5)     Does granting the motion prejudice the State or unduly inconvenience the Court.[18]

(8)     The Superior Court analyzed the *Scarborough* factors on remand. In its Remand Order, the Superior Court made the following findings regarding the five factors:

### 1. Was there a procedural defect in taking the plea?

"[A]lthough the [Superior] Court did not comply with the express language of 11 *Del. C.* § 408 or the process set forth in *Taylor v. State*, the experts' reports were reviewed and Smith's mental illness was discussed prior to his GBMI plea being accepted."[19]

---

[16] *Id.* (emphasis added).

[17] *Id.* (citing *Patterson v. State*, 684 A.2d 1234, 1239 (Del. 1996)).

[18] *Id.* (citing *Patterson*, 684 A.2d at 1239).

[19] Remand Order at *3.

**2. Did Smith knowingly and voluntarily consent to the plea agreement?**

"Smith's plea was entered knowingly, intelligently, and voluntarily after a thorough colloquy."[20]

**3. Does Smith presently have a basis to assert legal innocence?**

"Smith does not make an assertion of legal innocence in his case. Rather, he argues that had he gone to trial, he would have raised two defenses: self-defense and extreme emotional distress (EED)."[21] "[S]elf-defense was not a viable defense in Smith's case"[22] because "Smith cannot point to specific evidence that forms the basis for a credible self-defense claim because the victim allegedly pushing, spitting, and slapping Smith in the face does not justify his use of deadly force."[23] "As to Smith's EED defense, EED is not a defense that would have resulted in an acquittal even if it was successful at trial." Instead, under 11 *Del. C.* § 641, it is a "mitigating circumstance" that "is not the same as asserting a basis for legal innocence."[24]

---

[20] *Id.* at *4.

[21] *Id.*

[22] *Id.*

[23] *Id.* at *5.

[24] *Id.*

**4. Did Smith have adequate legal counsel throughout the proceedings?**

"Smith's Trial Counsel were inadequate when (and because) they failed to file Smith's motion to withdraw his guilty plea, or withdraw as counsel so Smith could proceed *pro se* with his motion."[25]

**5. Does granting the motion prejudice the State or unduly inconvenience the Court?**

"Based on the record, there is nothing to suggest that granting Smith's motion to withdraw his guilty plea would have prejudiced the State or unduly inconvenienced the Court."[26]

(9)     In his supplemental brief, Smith agrees with the Superior Court's analysis under each of the factors except factor three.[27]  Smith disagrees with the trial court's conclusion that he had no basis to assert legal innocence and rests much of his argument for prejudice on this disagreement.  As he did in the Superior Court, Smith contends that self-defense and extreme emotional distress were viable defenses allowing him to assert legal innocence.[28]  Smith further asserts that "he did not have adequate legal counsel as found by the trial court, and there would have

---

[25] *Id.*  Smith agrees with the trial court's analysis and asserts that "in citing to Mr. Smith's testimony at the Evidentiary Hearing on the Motion for Post Conviction Relief, [the court] impliedly found that Mr. Smith would have gone to trial if he had received effective assistance of counsel."  Supplemental Opening Br. at 9.  This is not, however, what the Superior Court found.

[26] Remand Order at *6.

[27] Supplemental Opening Br. at 8.

[28] *Id.* at 7–8.

been no prejudice to the State or undue inconvenience to the trial court."[29]  We find that the court correctly accorded no weight to factor three, and the Superior Court's complete *Scarborough* analysis supports a finding of no prejudice under *Strickland*.

(10)  Regarding Smith's EED argument, the Superior Court correctly noted that EED is not a defense that could have resulted in Smith's acquittal even if he were successful in asserting it at trial.[30]  Under the criminal code, EED is a "mitigating circumstance" that would "reduc[e] the crime of murder in the first degree as defined by § 636 of this title to the crime of manslaughter as defined by § 632 of this title."[31]  We have not had occasion to address whether a viable EED defense should be given weight under the *Scarborough* legal-innocence factor.[32]  But even if a statutory mitigating circumstance could be a valid consideration under *Scarborough* in some cases, the Superior Court correctly concluded that it should not receive any weight in Smith's case because it is undisputed that Smith was a

---

[29] *Id.* at 8.

[30] Remand Order at *5.

[31] 11 *Del. C.* § 641.

[32] *See Carney v. State*, 319 A.3d 842, 846 n.32 (Del. 2024) ("A defendant seeking relief based on legal innocence, or 'legal insufficiency,' contends that the prosecutor has failed to produce sufficient evidence at a criminal trial to establish guilt beyond a reasonable doubt. Conversely, a defendant seeking relief based on actual innocence contends that he or she did not commit the crime alleged, regardless of the judge or jury's finding of legal innocence. Unlike [] legal innocence, actual innocence focuses entirely on the factual predicate of the offense." (quoting and citing Matthew Aglialoro, *A Case for Actual Innocence*, 23 CORNELL J.L. & PUB. POL'Y 635, 639 (2014))); *State v. Capobianco*, 2014 WL 890946, at *2 (Del. Super. Mar. 5, 2014) ("To assert a basis for legal innocence after entering a guilty plea and admitting guilt at a plea hearing, the defendant must point to specific evidence that forms the basis for assertion of legal innocence.").

habitual offender. Accordingly, even if Smith had successfully argued EED at trial, a conviction on the reduced charge would not have meaningfully reduced his sentence.[33] Therefore, Smith's EED defense, even if viable, was not entitled to significant weight in the *Scarborough* analysis.

(11) Smith's assertion that he would have argued self defense fares no better. The Superior Court concluded that it was not enough for Smith to state that he would have asserted a self-defense claim. Rather, he needed to "point to specific evidence that forms the basis for a credible self-defense claim."[34] That standard is consistent with *Strickland* and *Scarborough*; after pleading guilty to a crime, a defendant must do more than merely obliquely raise a legal innocence claim.[35] Smith does not identify specific evidence of legal innocence nor does he meaningfully dispute the Superior Court's holding that there was no basis for him to assert a justification

---

[33] Even with a Manslaughter conviction (and the associated PDWDCF conviction), Smith would have faced a minimum sentence of 50 years up to life imprisonment. *Smith*, 2024 WL 1577183, at *6; *see also Cruz v. State*, 12 A.3d 1132, 1136 (Del. 2011) ("If a defendant intentionally caused the death of another person under the influence of EED and proves EED by a preponderance of the evidence, then EED mitigates the homicide from first degree murder to manslaughter.").

[34] Remand Order at *5 (citing *Capobianco*, 2014 WL 890946, at *2); *see also State v. Wright*, 2009 WL 866185, at *5 (Del. Super. Mar. 30, 2009) (After pleading guilty to a crime, "[a]n assertion of legal innocence must be substantiated by specific evidence."); *State v. Harden*, 1998 WL 735879, at *5 (Del. Super. Jan. 13, 1998), *aff'd*, 719 A.2d 947 (Del. 1998) ("Additionally, an assertion of innocence must be founded on specific evidence.").

[35] *Accord Capobianco*, 2014 WL 890946, at *2; *Wright*, 2009 WL 866185, at *5; *State v. McNeill*, 2001 WL 392465, at *3 (Del. Super. Apr. 5, 2001).

defense.  Smith's desire to assert the defense is not enough to carry his burden under *Scarborough* and *Strickland*.

(12)   The Superior Court ultimately concluded that Smith had not established *Strickland* prejudice because the five *Scarborough* factors did not support a finding that there was a reasonable probability that Smith would have been permitted to withdraw his plea.  The trial court held that Smith knowingly and voluntarily entered the plea and did not have a basis to assert legal innocence.  In the court's view, those findings were not outweighed by the absence of prejudice and counsel's ineffective assistance *after* the plea was entered.  That conclusion was not an abuse of discretion, and we therefore affirm the Superior Court's decision denying Smith's post-conviction motion.

Based on the foregoing, IT IS ORDERED that the Superior Court's decision denying Smith's motion for postconviction relief is AFFIRMED.

BY THE COURT:

*/s/ Abigail M. LeGrow*
Justice