# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE, | ) | |
| | ) | |
| v. | ) | ID No. 1109011777 |
| | ) | |
| ANTHONY GORDON, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Date Submitted: October 2, 2024
Date Decided: December 10, 2024

## ORDER

Upon consideration of Anthony Gordon's fifth Motion to Dismiss the Indictment,[1] Delaware Superior Court Criminal Rules 7(c), 7(e), and 12(b)(2),[2] statutory and decisional law, and the record, **IT APPEARS THAT:**

## BACKGROUND AND PROCEDURAL HISTORY

(1)     On January 24, 2013, a jury found Gordon guilty of two counts of Rape Second Degree (IN11-10-0549 and IN11-10-0550) and one count of Rape Fourth Degree (IN11-10-0552).[3]  By Order dated April 12, 2013, effective January 24, 2013, the Court sentenced Gordon to a total of 21 years unsuspended Level V time.[4] The Delaware Supreme Court affirmed the judgment of the Superior Court on direct

---

[1] D.I. 166.
[2] Del. Super. Ct. Crim. R. 7(c); Del. Super. Ct. Crim. R. 7(e); Del. Super. Ct. Crim. R. 12(b)(2).
[3] D.I. 33.
[4] The total includes the sentencing for charges IN11-10-0549, IN11-10-0550, and IN11-10-0552. D.I. 43.

appeal.[5]

(2)     On November 10, 2020, Gordon filed his first Motion to Dismiss the Indictment, arguing Counts I, II, and III failed to recite specific facts on which the charges are based and failed to recite the essential elements of Rape Second Degree.[6] By Letter Order dated January 26, 2021, the Court denied the motion.[7]

(3)     On February 15, 2021, Gordon filed a Motion for Reargument, repeating his arguments from his first Motion to Dismiss the Indictment.[8]  By Letter Order dated May 17, 2021, the Court denied the motion.[9]

(4)     On September 15, 2021, Gordon filed his second Motion to Dismiss the Indictment, arguing Counts I, II, and III fail to establish the essential element of age for the offense of Rape Second Degree.[10]  By Letter Order dated November 29, 2021, the Court denied the motion.[11]  On February 1, 2022, Gordon appealed the Court's decision.[12]  On May 10, 2022, the Delaware Supreme Court affirmed the judgment of the Superior Court.[13]

---

[5] *Gordon v. State*, 2013 WL 6569705 (Del. Dec. 11, 2013).

[6] D.I. 142.

[7] D.I. 143.  The motion was denied because the motion was untimely and without merit.

[8] D.I. 144.

[9] D.I. 145.  The motion was denied because the indictment satisfied Delaware Superior Court Criminal Rule 7(c) by including all the elements of the charged offense.

[10] D.I. 146.

[11] D.I. 148.  The motion was denied because it repeats the same argument made in Gordon's previous motions and those were properly denied.

[12] D.I. 149.

[13] *Gordon v. State*, 2022 WL 1486527 (Del. May 10, 2022).  The decision was affirmed because the indictment satisfied Delaware Superior Court Criminal Rule 7(c), so the Superior Court did not err in denying Gordon's Motion to Dismiss.

(5)    On September 8, 2022, Gordon filed a Motion for Correction of Illegal Sentence, reiterating his previous argument that the indictment "did not contain sufficient facts."[14]  By Letter Order dated October 11, 2022, the Court denied the motion.[15]

(6)    On January 20, 2023, Gordon filed his third Motion to Dismiss the Indictment, repeating his previous arguments and newly arguing that the Court misstated the law and commented on the evidence when charging the jury.[16]  By Order dated March 29, 2023, the Court denied the motion.[17]

(7)    On February 6, 2024, Gordon filed his fourth Motion to Dismiss the Indictment, again arguing his indictment was defective.[18]  By Order dated April 8, 2024, the Court denied the motion.[19]  On May 20, 2024, Gordon appealed the Court's decision.[20]  On August 26, 2024, the Delaware Supreme Court affirmed the judgment of the Superior Court.[21]

---

[14] D.I. 154.
[15] D.I. 155.  The motion was denied because the indictment complied with Rule 7(c).
[16] D.I. 156.
[17] D.I. 157.  The motion was denied because Gordon's arguments were not raised before trial, the indictment was sufficient pursuant to Rule 7(c), and the Court correctly stated the law.
[18] D.I. 158.
[19] D.I. 159.  The motion was denied because it was repetitive and meritless.
[20] D.I. 160.
[21] *Gordon v. State*, 2024 WL 3948108 (Table) (Del. Aug. 26, 2024).  The decision was affirmed because the Delaware Supreme Court previously considered and rejected the appellant's arguments.

## INSTANT MOTION TO DISMISS THE INDICTMENT

(8) On October 2, 2024, Gordon filed the instant Motion to Dismiss the Indictment ("Motion").[22] Gordon again argues that the indictment fails to charge an essential element of the crime.[23]

(9) Because the Court is concerned that Gordon does not understand the Court's previous rulings, the Court will review and explain those rulings once more.

**The Timing of Gordon's Objections to the Indictment**

(10) Gordon argues that the indictment is defective because each count omits an essential element of the crime and thereby fails to charge an offense under 12(b)(2).[24]

(11) Gordon claims the Court misapprehended the law and facts when it held he was not entitled to relief under Rule 12(b)(2) because he did not object to his indictment prior to trial.[25] Gordon argues that *Green v. State* holds that a defendant may move to dismiss counts of the indictment after a verdict is returned, and failure to include an essential element in the indictment is a deficiency that cannot be waived.[26]

(12) Gordon's argument fails to acknowledge that *Green* does not give a

---

[22] D.I. 166.
[23] *Id.*
[24] D.I. 166, at 2.
[25] *Id.* For the Order Gordon refers to, *see* D.I. 159.
[26] *Id.* (citing *State v. Green*, 1995 WL 562137, at *1 (Del. Super. Aug. 3, 1995)).

defendant an unlimited amount of time to object to an indictment for failure to charge an offense. *Green* makes clear that a defendant may object to an indictment for failure to charge an offense at *any time during the pendency of the proceeding*.

(13)  The Court in *Green* cited to *State v. Deedon*, quoting:

> [I]f the indictment in question fails to include an essential element of the offense charged, an objection to the indictment, raising more than informal defects in the language of the indictment, is of such a nature that it may not be waived and may, accordingly, be raised *at any stage of the proceeding*.[27]

(14)  The Delaware Supreme Court has held,

> If the defect is a failure to charge . . . the commission of an offense, it may not be waived and an objection thereto may therefore be raised at *any stage of the proceedings*. This principle is now embodied in Rule 12(b)(2) of the Criminal Rules of Procedure of the Superior Court, which provides that ". . . failure of the indictment or information to charge an offense shall be noticed by the court at *any time during the pendency of the proceeding*."[28]

(15)  Delaware Superior Court Criminal Rule 12(b)(2) states:

> (b) . . . The following must be raised prior to trial: . . .
> (2) Defenses and objections based on defects in the indictment or information (other than that it fails . . . to charge an offense which objections shall be noticed by the court at any time during the pendency of the proceedings) . . . .[29]

---

[27] *State v. Green*, 1995 WL 562137, at *1 (Del. Super. Aug. 3, 1995) (citing *State v. Deedon*, 189 A.2d 660, 664 (Del. 1963)) (emphasis added).
[28] *Scott v. State*, 117 A.2d 831, 835 (Del. 1955) (citations omitted) (emphasis added). The Court reads this to mean that "any stage of the proceedings" and "any time during the pendency of the proceeding" are interchangeable phrases.
[29] Del. Super. Ct. Crim. R. 12(b)(2).

5

(16)   Although there is no precedent directly defining what constitutes the "pendency of a proceeding," Black's Law Dictionary defines pendency as: "[T]he state of an action . . . after it has been begun, and before the final disposition of it."[30]

(17)   The Delaware Supreme Court noted that "a judgment of conviction is final once [the Delaware Supreme Court] issues the mandate following a defendant's direct appeal."[31]   This means that once the Delaware Supreme Court issued its mandate affirming the Superior Court's judgment on December 31, 2013, Gordon's proceedings were no longer pending and objections to the indictment were no longer timely.[32]

(18)   Gordon claims his situation is "factually the same as Green's."[33]   The Court disagrees.  In *Green*, the defendant filed a motion to dismiss one count of the indictment after a guilty verdict was returned.[34]   The Court found that defendant's motion was timely because the motion was made during Green's proceedings.[35]

(19)   Unlike the motion in *Green*, Gordon's Motion was filed over a decade after Gordon's proceedings were finalized by the Delaware Supreme Court.

---

[30] *Pendency*, Black's Law Dictionary (5th ed. 1979).
[31] *Guy v. State*, 82 A.3d 710, 715 (Del. 2013).
[32] *Gordon v. State*, 2013 WL 6569705 (Del. Dec. 11, 2013).
[33] D.I. 166, at 2.
[34] *State v. Green*, 1995 WL 562137, at *1 (Del. Super. Aug. 3, 1995).
[35] *Id*. at *1-2.

6

Gordon's Motion is untimely.[36]

**Failure to Charge Essential Elements**

(20)  Gordon argues that the indictment is defective because each count omits an essential element of the crime, namely the age of the victim, and thereby fails to charge an offense.[37]

(21)  Even if Gordon's Motion was timely, it would still fail because the indictment satisfied Delaware Superior Court Criminal Rule 7(c).

(22)  Delaware Superior Court Criminal Rule 7(c) requires the indictment to "be a plain, concise and definite written statement of the essential facts constituting the offense charged."[38]

(23)  The Grand Jury indicted Gordon on two counts of Rape Second Degree pursuant to 11 *Del. C.* § 772(a)(1).[39]

(24)  11 *Del. C.* § 772(a)(1) reads: "(a) A person is guilty of rape in the second degree when the person: (1) Intentionally engages in sexual intercourse with another person, and the intercourse occurs without the victim's consent . . . ."[40]

---

[36] This finding has been affirmed by the Delaware Supreme Court. *Gordon v. State*, 2022 WL 1486527, at ¶ 7 (Del. May 10, 2022) ("To the extent Gordon argues that the proceedings are still pending . . ., he is mistaken.").

[37] D.I. 166, at 2.

[38] Del. Super. Ct. Crim. R. 7(c).

[39] The indictment lists both counts of Rape Second Degree as violations of "Title 11, Section 772 of the Delaware Code." D.I. 5. Although the indictment does not list the specific section of 11 *Del. C.* § 772, it is clear from the charging document that Gordon was specifically indicted under 11 *Del. C.* § 772(a)(1). D.I. 1.

[40] 11 *Del. C.* § 772(a)(1).

(25)  Therefore, Gordon's indictment must include a written statement that includes facts supporting the three essential elements of Rape Second Degree.[41]  The three essential elements of Rape Second Degree are: (1) intent, (2) engaging in sexual intercourse with another person, and (3) the intercourse occurring without the other person's consent.[42]

(26)  For both counts of Rape Second Degree, the indictment stated:

> **ANTHONY GORDON**, on or between the 1st day of July, 2009, and the 30th day of July, 2010, in the County of New Castle, State of Delaware, did intentionally engage in sexual intercourse with A.T., and the intercourse occurred without [their] consent.[43]

(27)  The indictment alleged the three essential elements of the criminal offense and therefore Counts I and II met the requirements of Delaware Superior Court Criminal Rule 7(c).

(28)  The Grand Jury also indicted Gordon on one count of Rape Fourth Degree pursuant to 11 *Del. C.* § 770(a)(3).[44]

(29)  11 *Del. C.* § 770(a)(3) reads:

---

[41] *State v. Riley*, 256 A.2d 273, 275 (Del. Super. 1969) ("It is fundamental that any matter constituting an essential element of a criminal offense must be set forth in the indictment.  If an indictment fails to allege facts to support any essential element of the crime, no offense is alleged and the indictment is insufficient.").

[42] 11 *Del. C.* § 772(a)(1).

[43] D.I. 5.

[44] The indictment lists the one count of Rape Fourth Degree as a violation of "Title 11, Section 770 of the Delaware Code."  D.I. 5.  Although the indictment does not list the specific section of 11 *Del. C.* § 770, it is clear from the charging document that Gordon was specifically indicted under 11 *Del. C.* § 770(a)(3).  D.I. 1.

(a) A person is guilty of rape in the fourth degree when the person: . . .

> (3) Intentionally engages in sexual penetration with another person under any of the following circumstances:
>> a. The sexual penetration occurs without the victim's consent; or
>> b. The victim has not reached that victim's sixteenth birthday . . . .[45]

(30) Therefore, Gordon's indictment must allege facts to support the three essential elements of Rape Fourth Degree. This can happen one of two ways. The first option is a written statement alleging the essential facts that Gordon (1) intentionally (2) engaged in sexual penetration with another person and (3) the penetration occurred without the other person's consent.[46] The second option is a written statement alleging the essential facts that Gordon (1) intentionally (2) engaged in sexual penetration with another person and (3) the other person had not yet reached their sixteenth birthday.[47]

(31) For Rape Fourth Degree, the indictment stated:

> **ANTHONY GORDON**, on or between the 1st day of July, 2009, and the 30th day of July, 2010, in the County of New Castle, State of Delaware, did intentionally engage in sexual penetration with A.T., and the sexual penetration occurred without [their] consent.[48]

(32) The indictment alleged the three essential elements of the criminal

---

[45] 11 *Del. C.* § 770(a)(3).
[46] This option would meet the requirements of 11 *Del. C.* § 770(a)(3)(a).
[47] This option would meet the requirements of 11 *Del. C.* § 770(a)(3)(b).
[48] D.I. 5.

offense (the first option noted above) and therefore Count IV met the requirements of Delaware Superior Court Criminal Rule 7(c).

(33)  Since the indictment alleged facts supporting the essential elements of all counts, the indictment properly charges all offenses and is not defective.[49]

**Jury Instructions**

(34)  Gordon argues that the jury was instructed on the "element of undersixteen" which shows that "undersixteen" is an essential element that is required for a conviction.[50]

(35)  As discussed above, the three essential elements of Rape Second Degree are (1) intent, (2) engaging in sexual intercourse with another person, and (3) the intercourse occurring without the other person's consent.[51]  The three essential elements of Rape Fourth Degree are (1) intent, (2) engaging in sexual penetration with another person, and (3) the penetration occurring without the other person's consent.[52]

(36)  The statutes under which Gordon was charged do *not* include "undersixteen," or the age of the victim, as essential elements of the crimes.

(37)  The Court instructed the jury on Rape Second Degree as follows:

---

[49] This finding has been affirmed by the Delaware Supreme Court. *Gordon v. State*, 2022 WL 1486527, at ¶¶ 7-8 (Del. May 10, 2022) ("To the extent Gordon argues that the . . . indictment fails to charge an offense, he is mistaken.").
[50] D.I. 166, at 5.
[51] 11 *Del. C.* § 772(a)(1).
[52] 11 *Del. C.* § 770(a)(3)(a).

In order to find the defendant guilty of Rape in the Second Degree, you must find that all of the following elements have been established beyond a reasonable doubt:

> (1) The defendant had sexual intercourse with A.T. "Sexual intercourse" is defined as:
>
> > (a) Any act of physical union of the genitalia or anus of one person with the mouth, anus, or genitalia of another person. It occurs upon any intercourse, however slight; ejaculation is not required. This offense encompasses the crime commonly known as sodomy;
>
> and
>
> (2) A.T. had not yet reached [their] sixteenth birthday at the time of the incident.
>
> > A child who has not yet reached his or her sixteenth birthday is deemed unable to consent to a sexual act with a person more than 4 years older than said child.
> >
> > It is not a defense that the defendant did not know the age of A.T. Nor is it a defense that the defendant reasonably believed that A.T. had reached [their] sixteenth birthday;
>
> and
>
> (3) The defendant acted intentionally. That is, it was his conscious object or purpose to engage in conduct constituting sexual intercourse with A.T. . . . .[53]

(38) The Court instructed the jury on Rape Fourth Degree as follows:

In order to find the defendant guilty of Rape in the Fourth Degree, you must find that all of the following elements have been established beyond a reasonable doubt:

> (1) The defendant engaged in sexual penetration with A.T. "Sexual penetration" is defined as:
>
> > (a) The unlawful placement of an object inside the anus or vagina of another person. "Object" means any item, device, instrument, substance or any part of the body.

---

[53] D.I. 32.

(b) The unlawful placement of the genitalia or any sexual device inside the mouth of another person.

and

(2) A.T. had not yet reached [their] sixteenth birthday at the time of the incident.

A child who has not yet reached his or her sixteenth birthday is deemed unable to consent to a sexual act with a person more than 4 years older than said child.

It is not a defense that the defendant did not know the age of A.T. Nor is it a defense that the defendant reasonably believed that A.T. had reached [their] sixteenth birthday.

and

(3) The defendant acted intentionally. That is, it was his conscious object or purpose to engage in sexual penetration of A.T. . . . .[54]

(39) Gordon confuses the Court's instruction on the essential element of consent for an essential element of age. The reason the Court instructed the jury on the age of the victim at the time of the rape was not because the victim's age is an essential element in and of itself, but rather because consent is an essential element of the crimes, and the victim's age proves that consent could not be given.

(40) Therefore, the Court properly instructed the jury on the three essential elements of (1) intent, (2) sexual intercourse, and (3) consent for Rape Second Degree, and (1) intent, (2) sexual penetration, and (3) consent for Rape Fourth Degree.[55]

---

[54] *Id.*
[55] *Id.*

**Amendment of the Indictment**

(41)   Gordon argues that the indictment was improperly amended because the Court instructed the jury on "the essential element of undersixteen" but that element was not included in the indictment.[56]

(42)   The Delaware State Constitution states "[n]o person shall for any indictable offense be proceeded against criminally by information," mirroring the U.S. Constitution's right to indictment by Grand Jury.[57]

(43)   According to Delaware Superior Court Criminal Rule 7(e), "[t]he court may permit an indictment . . . to be amended at any time before verdict or finding if no additional or different offense is charged and if substantial rights of the defendant are not prejudiced."[58]   "An amendment is not permitted if it changes an essential element of the charged offense . . . [or] prevents the defendant 'from pursuing his initial defense strategy.'"[59]

(44)   As explained above, the indictment alleged facts to support the essential elements of the crimes charged pursuant to Delaware Superior Court Criminal Rule 7(c).[60] Since "undersixteen" is not an essential element of any of the crimes charged,

---

[56] D.I. 166, at 4-5.
[57] DE Const. art. I, §  8; U.S. Const. amend. V.
[58] Del. Super. Ct. Crim. R. 7(e).
[59] *Kent v. State*, 2021 WL 4393804, at *5 (Del. Sept. 24, 2021); *see also Stirone v. U.S.*, 361 U.S. 212, 215–16 (1960) (". . . after an indictment has been returned its charges may not be broadened through amendment except by the grand jury itself . . . .").
[60] *See* supra ¶¶ 22-35.

the indictment was never constructively amended as Gordon claims.[61]

(45)   Because the indictment was never amended, Gordon was not prevented from pursuing his initial defense strategy.[62]

## CONCLUSION

(46)   Gordon's Motion is repetitive and meritless.[63]

(47)   The Court has made clear that Gordon's previous motions were

---

[61] Gordon cites *State v. Bittenbender* to support his claim that the indictment was improperly amended because the victim's age is an essential element of the crime that was included in the *Bittenbender* indictment but not in his. D.I. 166, at 6 (citing *State v. Bittenbender*, 2001 WL 789663 (Del. Super. June 25, 2001)). The indictment in *Bittenbender* "plainly states that there is one distinct charge against the Defendant, and the charge concerns sexual intercourse with a person, also identified in the indictment, who was under the age of sixteen at the time of the alleged incident." *Bittenbender*, 2001 WL 789663, at *2. Gordon's reliance on this case is misplaced because Gordon was charged with Rape Fourth Degree under 11 *Del. C.* § 770(a)(3)(a) which states: "(a) A person is guilty of rape in the fourth degree when the person: . . . (3) Intentionally engages in sexual penetration with another person under any of the following circumstances: a. The sexual penetration occurs without the victim's consent . . . ." 11 *Del. C.* § 770(a)(3)(a). The age of the victim was not required to be included in Gordon's indictment because the three essential elements were alleged.

[62] Gordon cites *Luttrell v. State* to support his claim that he was unable to pursue a defense strategy because the victim's age is an essential element that was not included in his indictment. D.I. 166, at 6 (citing *Luttrell v. State*, 97 A.3d 70 (Del. 2014)). In *Luttrell*, the Supreme Court found that the indictment and underlying materials were insufficient to put the defendant on notice of the specific conduct he was being charged with so he was unable to prepare a defense. *Luttrell*, 97 A.3d at 77. Gordon's reliance on this case is misplaced for two reasons. The first reason being the distinction between the charges in *Luttrell* and here. The defendant in *Luttrell* was charged with Unlawful Sexual Contact which includes many possible actions. *Id*. at 73. This is distinct from the clear-cut actions of sexual intercourse and sexual penetration required by Gordon's charges. This distinction is important because the indictment in *Luttrell* did not specify the exact conduct the defendant was being charged with, leaving him no opportunity to prepare a defense. *Id*. at 77. The second reason is that unlike the indictment in *Luttrell*, Gordon's indictment linked the facts in the arrest warrant to the counts in the indictment. Gordon's indictment identified the underlying actions Gordon was accused of that constitute engaging in unconsensual sexual intercourse and penetration with A.T. Therefore, Gordon was on notice of the specific conduct he was being charged with and had the opportunity to prepare an appropriate defense.

[63] For repetitiveness, *see* supra ¶¶ 2-7. For meritlessness, *see* D.I. 159; *Gordon v. State*, 2024 WL 3948108 (Table) (Del. Aug. 26, 2024).

untimely.[64] Despite this, Gordon filed the instant Motion at an even later date.

(48) Further, the Court has made clear on numerous occasions that Gordon's previous motions were meritless.[65] Despite this, Gordon filed the instant Motion with no additional information. Instead, he regurgitates his previous, meritless arguments.

(49) To summarize, Gordon's instant Motion is untimely since it was filed over a decade after his proceedings were finalized by the Delaware Supreme Court.[66] Further, Gordon's instant Motion is meritless since the indictment alleged facts supporting the essential elements of all counts, the jury was properly instructed, and the Court never amended the indictment.[67]

(50) Given the Court's rulings, the Court expects Gordon will refrain from filing further repetitive, meritless, and untimely motions.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Gordon's fifth Motion to Dismiss the Indictment is **DENIED**.

**IT IS SO ORDERED.**

_____/s/ Jan R. Jurden_____
Jan R. Jurden, President Judge

---

[64] *See* D.I. 143; D.I. 152.
[65] *See* D.I. 143; D.I. 145; D.I. 148; D.I. 152; D.I. 155; D.I. 157; D.I. 159; D.I. 165.
[66] *See* supra ¶¶ 10-21.
[67] *See* supra ¶¶ 22-47.

15

cc:    Original to Prothonotary
        Abigail E. Rodgers, Esq.
        Anthony Gordon (SBI # 00211789)